RICHARD E. PREUSSER v. ALEXANDER CASS.

When, in summary proceedings under the act concerning disorderly persons, an offender is adjudged guilty, the magistrate should make out a conviction, which is a record of the proceedings, and should contain the complaint or information, or its substance; the issuing and return of process; the appearance of the person charged, and his defence or confession; if he has not confessed, the evidence produced, and, lastly,

the judgment of the magistrate, which must conform to the provisions of the particular section of the act under which the proceedings were instituted.

On *certiorari.*

Argued at February Term, 1892, before Justices MAGIE and WERTS.

For the prosecutor, *Raymond P. Wortendyke.*

The opinion of the court was delivered by

MAGIE, J. The *certiorari* in this cause has brought here proceedings taken against prosecutor under the sixth section of the "Act concerning disorderly persons," approved April 9th, 1875. *Rev., p.* 303.

By the provisions of that section, persons who commit certain offences therein specified are declared to be disorderly; they may be apprehended in the manner afterward described in the act, and taken before a justice of the peace of the county or a police justice of the city, and thereupon it shall be the duty of such justice to commit such person, when convicted before him by his confession or by the oath or affirmation of one or more witnesses, to the county jail, there to be kept at hard labor for a period not exceeding thirty days, or fine such person in a sum not exceeding $20.

By section 11 of the same act, it is made the duty of every justice of the peace to issue, on information or his own view, his warrant or process to apprehend any disorderly person within the intent and meaning of the act.

These provisions, and others contained in the same act, provide a proceeding for the infliction of a prescribed penalty upon certain offenders which is summary in its character. Though variant in some particulars, such a proceeding is usually initiated by a complaint or information upon oath or affirmation, whereupon process of some kind brings the alleged offender before the designated magistrate, who, either upon the confession of the offender or upon the evidence of witnesses, heard in a summary way and without any pleadings, determines

upon the truth of the charge and thereupon adjudges the penalty to be imposed under the act.

A justice of the peace, on whom such a duty is cast, acts therein not as a judge of the court for the trial of small causes, but as a magistrate specially designated to act in the prescribed cases. In the absence of legislation requiring such magistrate to keep a record or docket of his proceedings such as is required in courts for the trial of small causes, no official character can be attributed to any record or docket so kept; for such summary proceedings have been long known to the law, and the adjudications of magistrates in such proceedings have been required to be made up in a record called a conviction.

A conviction in this sense is the record of the summary proceedings upon any penal statute before one or more justices of the peace, or other persons duly authorized, in a case where the offender has been convicted and sentenced. *Bosc. Pen. Stat.* 7.

Such a conviction should contain the substance of the complaint or information, so as to show jurisdiction in the magistrate; the process whereby the alleged offender is brought before the magistrate; his appearance and defence or confession; and, if no confession is made, the evidence presented, so that a reviewing court may discover the grounds on which the adjudication of the magistrate was made, and, lastly, the judgment. *Bosc. Pen. Stat.* 17; *Doughty* v. *Conover,* 13 *Vroom* 193; *Lyon* v. *Spratford,* 14 *Id.* 376; *Hoeberg* v. *Newton,* 20 *Id.* 617; *Hankinson* v. *Trenton,* 22 *Id.* 495.

In the case before us the magistrate to whom the writ of *certiorari* has been directed has returned a conviction of prosecutor in summary proceedings before him upon the Disorderly Persons act. He has accompanied the conviction with what seems to be a copy of a docket kept in the manner required by the acts respecting courts for the trial of small causes. But such a paper has no official character, and our consideration must be confined to the conviction returned, as in that it must be deemed that the action of the magistrate is recorded.

Upon examination of the conviction it is plainly defective.

In the first place, it does not set out any sufficient complaint or information against prosecutor to give jurisdiction to the magistrate.

Next, it does not show that prosecutor was ever brought or came before the magistrate, or was afforded an opportunity to defend himself against the charge on which he was convicted.

Lastly, the judgment of the magistrate must declare the forfeiture or penalty incurred, within the power conferred on him. As we have seen, the magistrate, upon adjudging the offender guilty of the offences described in the sixth section, has a discretion either to imprison him for a term not over thirty days, or to fine him in a sum not over $20.

Legislation of this character sometimes provides that, upon non-payment of the imposed penalty, the offender may be committed for a specified time, or until the fine is paid. But there is no such provision in the acts now in question, and the power of the magistrate is restricted to one of two alternatives, viz., either to fine or to imprison. If, by implication, such provisions could authorize an imprisonment until the fine be paid, the conviction before us is erroneous. For the judgment is, that prosecutor pay a fine of $15 and costs, and in default of payment of the fine, be committed to the county jail, to be kept there for the term of forty days, and until costs are paid. The magistrate has not exercised the power conferred, by determining to fine and not to imprison; but he has made an alternative determination, which the act does not authorize. If, by implication, he might commit until the fine was paid, he has not exercised that power, but has adjudged that, in default of payment, the offender shall be imprisoned for forty days (while the act limits imprisonment to thirty days), and until the costs are paid.

The result is that, without examining other questions raised in the argument, the conviction must be set aside.