CHARLES B. WOODWARD AND AARON H. WOODWARD, PLAINTIFFS IN ERROR, v. J. FRANK EMMONS, DEFENDANT IN ERROR.

1. Where the vendees of machines intended or adapted for pulverizing stone and hard materials, and purchased under a warranty of fitness for such purpose, after testing them and discovering defects which cause dissatisfaction, continue to use them, not in order to make further tests but merely for the purpose of their own convenience or profit, such use constitutes an acceptance, and concludes them from the defence of a total failure of consideration, and they must rely upon their warranty.

2. In a suit on the note given for the consideration of such contract a charge to the jury to the effect that under the evidence in the cause the defence of a total failure of consideration cannot be interposed, is correct, whether the right of rescission is exercisable or not.

On error to the Essex Circuit Court.

For the plaintiffs in error, *James E. Howell.*

For the defendant in error, *Charles E. Hill.*

The opinion of the court was delivered by

VREDENBURGH, J.   The trial of this cause before the Circuit Court of Essex county resulted in a verdict and judgment in favor of the defendant in error (who was the plaintiff below), for the full amount of the note in suit, and this writ of error brings before this court certain exceptions to the refusal of the trial judge to charge the jury as requested by the plaintiffs in error.

The action was brought by the endorsee, who is charged with notice of an alleged false warranty made in the sale of three pulverizing machines (intended to grind to fineness stone and other hard materials), sold by the Frisbee Lucop Mill Company in July, 1895, to the plaintiffs in error.

As the rights of the parties will be considered as if the original vendors were the plaintiffs in the action, it will not

be necessary to determine the question raised by one of the exceptions respecting the knowledge of the facts to be imputed, as a matter of law, to the endorsee in his character as president of the vendor company. In passing it may not be amiss to say, however, that the decisions of our courts do not seem to sustain the contention of the plaintiffs in error in this regard.

The refusal to charge which will be considered in this opinion was made in response to the following request, viz.: "If the jury believe the evidence adduced on the part of the defendant, they may find that the consideration of the note sued on had wholly failed." The trial judge charged as follows, viz.: "It is insisted by the defendants that, under the evidence in the case, a verdict must be rendered for the defendants, because the defendants insist that the evidence establishes the fact that there was a total failure of consideration. I charge you that that defence cannot be interposed against this note. In order to make that defence available it was necessary that the defendants should rescind this contract. There is absolutely no evidence of any rescission in this case." No claim was made by the plaintiffs in error, nor does the record here show that this charge misstated the facts in evidence, and I think that the statement of the law in the charge was as favorable to the defendants as they had the right to demand.

Having taken and retained possession of the machines and used them for profit in their business up to the commencement of this suit (for nearly one year), the vendees should, I think, be held to have made their election to accept them, and were bound in law to pay the vendors some consideration for them.

A defence of a total want of consideration after possession delivered and retained under these circumstances has no countenance in the authorities. Indeed, the defence, even of a partial failure of consideration, in suits on such notes, has grown up in this state only within comparatively recent years, and it will, perhaps, be useful to refer briefly to the

course of adjudication and legislation in this state on this subject, to show the departure from the old rule which forbade defences of abatement of the contract price to the extent of consideration failed.

In the early case of *Allen* v. *Bank of United States, Spenc.* 620, decided (in 1846) in the Supreme Court of this state, it was held that it was then well settled that partial failure of consideration is not a good defence at law to an action on a note or check where the amount to be deducted on account of such failure was unliquidated. See, also, *Beninger* v. *Corwin*, 4 *Zab.* 257, and *Starr* v. *Torrey*, 2 *Zab.* 190. But in *Bouker* v. *Randles*, 2 *Vroom* 335 (1865), the Supreme Court expressed the opinion, after the fullest consideration of the whole question, that when the suit is between the original parties to the note, or is brought by an endorsee, with notice, partial failure of consideration, though indefinite in amount, should be permitted to be shown, and, as far as it goes, is a legal defence to such action. In *Wyckoff* v. *Runyon* 4 *Vroom* 107 (1868), where the question came directly before the court, after referring to the prior decisions of this and other jurisdictions, the Supreme Court reaffirmed this rule, and held directly that in suits on such notes a partial failure of the consideration of the note can be set up as a defence to the same extent as though the action were founded on such consideration. The principle of these decisions has been approved by the following adjudications in our law courts in which the above rule has been applied, or its application distinguished, viz.: *Lord* v. *Brookfield*, 8 *Vroom* 552; *Price's Executors* v. *Reynolds*, 10 *Id.* 171; *Wakeman* v. *Illingsworth*, 11 *Id.* 431; *Bozarth* v. *Dudley*, 15 *Id.* 304; *Smith* v. *New York Manufacturing Co.*, 29 *Id.* 242, 245; *Meader* v. *Cornell*, 29 *Id.* 375; see, also, *Wolcott* v. *Mount*, 7 *Id.* 262, 267. The revision of our Practice act of March 27th, 1874, section 129 (same section in General Statutes), expressly provided a course of pleading applicable to such defences as to contracts not under seal, and rule 83 of the Supreme Court, followed by the act of 1896 (*Pamph. L., p.* 185), embracing,

also, contracts under seal, has placed in this state the whole subject of such defences, about which there has been so much discussion in our courts and text-books, as well as the subjects of counter-claim and recoupment of damages by the defendant against the plaintiff, upon a broad, well-defined and permanent foundation, dispensing with the necessity of cross-actions.

It cannot be successfully claimed in the present case that the trial judge failed to give the plaintiffs in error, either in the admission of evidence or in the charge to the jury, the benefit of any *pro tanto* defence by reason of the alleged breach of warranty on the sale of these machines, but it is insisted in this court that he should have charged that they had shown a complete defence and that they were entitled to escape all liability on the note in suit. This is asking too much in behalf of vendees who had taken possession of the machines sold to them in July, 1895, and had kept and used them until (about) July, 1896, in the hard wear and tear of grinding stone, cement and other hard substances, and who had neither verbally nor in writing given notice of an intention of abandoning them, nor made any effort to rescind the contract of sale or redeliver the machines or place the vendors back in the position they were in before the sale.

The case of *Starr* v. *Torrey*, 2 *Zab.* 190, relied on as a precedent for reversal of the ruling below in the brief of the plaintiffs in error, and as a " parallel case in nearly all the facts," falls short of such parallel in important particulars, and is, on the contrary, to be regarded, I think, as authority for the rule herein defined. In that case the defendant, the vendee, after making every effort to use a wholly worthless steam engine sold and delivered to him about July 1st, 1842, and after finding that it could not be used at all for the purpose intended, abandoned it to the vendors, giving them due notice that he refused to take it by letter dated August 22d, 1842. The Supreme Court said, in reviewing the case: "After the delay and expense incurred by him [the vendee] in attempting to repair an engine known by the vendors to

be worthless at the time of the contract, it was sufficient for him to give notice that he would not take it, and upon such notice they might have informed him whether they would or would not receive it and advised him where to deliver it, if he was bound to deliver it at any other place than where it then was. The notice of the 22d of August * * * was sufficient."

The evidence before the trial court in the present case was barren of any such notice, as well as of any offer by the vendees either to return or redeliver the machines, or to surrender or abandon possession of them to the vendors.

The failure of the vendees to return or offer to return the machines, together with their continued use for purposes of profit or convenience for almost a year, should be construed, under the admitted facts of this case, to be an election on the part of the vendees to accept and retain the machines, and rely upon their warranty. See 2 *Benj. Sales* *908 and *Palmer* v. *Banfield*, 86 *Wis.* 441, holding that such dealing with the property was inconsistent with its rejection or return.

Whether the strict right of rescission as indicated in the charge of the judge is exercisable in case of a breach of warranty in the sale of goods, after their delivery and acceptance, is a question not yet decided by the courts of this state, but the inclination of the authorities seems to be against such right. See *Wolcott* v. *Mount*, 7 *Vroom* 262, 265, 267; *Smith* v. *New York Manufacturing Co.*, 29 *Id.* 242, 245; *Meader* v. *Cornell*, *Id.* 375, 378; and see, also, 2 *Benj. Sales*, §§ 1342, 1343; *Clark Cont.* 313, 314.

There is no error found, and the judgment below should be affirmed.

*For affirmance*—THE CHANCELLOR, CHIEF JUSTICE, COLLINS, DEPUE, DIXON, GARRISON, LIPPINCOTT, LUDLOW, VAN SYCKEL, ADAMS, HENDRICKSON, NIXON, VREDENBURGH. 13.

*For reversal*—None.