THE LOOSCHEN PIANO CASE COMPANY, PLAINTIFF AND APPELLANT, v. SAMUEL B. STEINBERG, DEFENDANT AND APPELLEE.

Argued November 6, 1907—Decided February 24, 1908.

A subsequent ratification of an act done by another, assuming to act in the capacity of an agent, though without any precedent authority, creates the relation of principal and agent, and after such ratification, with full knowledge of all the material facts and circumstances, the principal is bound by the act, to the same extent as if it had been done by his previous authority.

On appeal from the District Court of the city of Paterson.

Before Justices SWAYZE and TRENCHARD.

For the appellant, *George P. Rust* and *Arthur S. Corbin.*

For the appellee, *Adrian D. Sullivan.*

The opinion of the court was delivered by

TRENCHARD, J.   This is an appeal from a judgment for the defendant in the District Court of the city of Paterson.

From the state of the case it appears that on March 22d, 1907, the defendant called at the plaintiff's stables and agreed with an individual who had no authority to act for the plaintiff to purchase three mules for $210; that on the day following he sent his messenger for the mules with his check; that the plaintiff repudiated the bargain as one not authorized, but offered to sell two mules, take the $210 check in payment and give a check for the difference; that the messenger accepted the two mules and a check for $60; that the defendant was immediately apprised of all the facts and circumstances; that two days later he stated to the plaintiff that he wanted three mules and would not accept two; that nevertheless he received, retained and constantly used the two mules and never returned them or the check; that on June 25th, 1907, the plaintiff brought this suit on the $210 check, payment thereof having been refused.

The learned trial judge held that "both alleged contracts having been made with persons unauthorized to contract for the parties the plaintiff has no remedy on the check."

We think this judgment erroneous.

We assume that the person who acted as a messenger for the defendant had no authority to make the contract.   But the defendant by receiving, retaining and constantly using the mules and keeping the check with full knowledge of all the material facts and circumstances, ratified the sale. *Woodward* v. *Emmons,* 32 *Vroom* 281.

The rule is that a subsequent ratification of an act done by another, assuming to act in the capacity of an agent, though without any precedent authority, creates the relation of principal and agent, and after such ratification, with full knowledge of all the material facts and circumstances, the principal is bound by the act to the same extent as if it had been done by his previous authority. *Gulick & Holmes* v. *Grover,* 4 *Vroom* 463.

The result is that the judgment below should .be reversed and a *venire de novo* awarded.