CHARLES MINARD, FISH AND GAME WARDEN, v. DOVER, ROCKAWAY AND PORT ORAM GAS COMPANY.

Argued November 7, 1907—Decided February 24, 1908.

1. In a proceeding before a justice of the peace for a violation of section 33 of the Fish and Game act (*Pamph. L.* 1903, *p.* 534), it is not essential that a special note shall be endorsed on the complaint of the day, month and year of the institution of the action or that upon the summons shall be endorsed the name of the party who prosecutes and the title of the statute upon which the action is founded.

2. In a proceeding before a justice of the peace for a violation of section 33 of the Fish and Game act (*Pamph. L.* 1903, *p.* 534), the evidence returned by the justice, as a part of his transcript, not embraced in the conviction, and not required to be, under the prescribed form, and not returned pursuant to any rule of this court, is not a part of the record, and will not be considered by the court.

---

On *certiorari.*

Before Justices SWAYZE and TRENCHARD.

For the prosecutor, *Benjamin W. Ellicott.*

For the defendant, *Robert H. McCarter,* attorney-general.

The opinion of the court was delivered by

TRENCHARD, J. The defendant, the Dover, Rockaway and Port Oram Gas Company, was convicted by a justice of the peace of a violation of section 33 of the Fish and Game act, approved April 14th, 1903 (*Pamph. L., p.* 534), for allowing refuse from its gas-house in Dover to flow into Rockaway river.

The prosecutor assigns and argues many reasons for setting aside the conviction, but they may all be resolved into two—*first,* that the complaint and summons were not endorsed as is required in suits by common informers under section 219 of our Practice act (*Pamph. L.* 1903, *p.* 594), and *second,* that the conviction is not warranted by the evidence.

With respect to the first reason, it will be observed that the section of the act alleged to have been violated provides only a penalty of $100 for its violation. The proceeding is therefore a civil action. *Brophy* v. *Perth Amboy,* 15 *Vroom* 217; *Pennsylvania Railroad Co.* v. *New Jersey Society,* 10 *Id.* 400.

The proceeding is not, however, governed by the provisions of the Practice act as to common informers, but by the Fish and Game Procedure act of 1897 (*Pamph. L., p.* 109), the first section of which provides that all penalties for violations of any of the fish and game laws of this state, whether general or special, shall be recovered in accordance with the provisions of the act. Section two of this same act, as amended in 1905 (*Pamph. L., p.* 183), confers jurisdiction upon justices of the peace, District Courts and police magistrates to try and punish any person or corporation accused of violating any of the fish and game laws. Section three authorizes the issuance of a warrant to any constable, &c., to bring the defendant before the justice, &c., for a hearing in a summary way, whereupon, if the defendant is convicted, a penalty is imposed, on failure of payment of which the justice is empowered to commit to the county jail for a period not exceeding ninety days. The fourth section provides for a summons where a corporation is the defendant. The fifth section authorizes any constable, &c., to arrest any offender, without warrant, for violation done within his view,

and to take him before the justice, who proceeds to hear and determine in a summary way the guilt or innocence of the person, after receiving a complaint from the officer. The sixth section provides that the prevailing party shall recover costs, which costs are to be the same as in the small cause court. The seventh section provides for an adjournment and for the taking of a bond. The ninth section provides for an appeal to the Common Pleas, upon giving notice and a bond. The tenth section requires the magistrate, when an appeal has been taken, to send all papers, together with the transcript of the proceedings, to the Common Pleas, which court is to hear the appeal in the same way as the case was heard before the magistrate. The eleventh section provides that the fish and game protector, fish and game wardens, and deputy fish and game wardens, should have the power and be entitled to the same fees for services of process as constables in the small cause court. The fourteenth section provides for the docketing in the office of the clerk of the Circuit Court of any judgment obtained under the provisions of the act. The sixteenth section provides that all proceedings for the recovery of penalties should be entitled and run in the name of the State of New Jersey with one of the fish and game wardens, &c., as prosecutor.

The above references to the Procedure act of 1897 (*Pamph. L., p.* 109) are given for the purpose of showing that it provides for a summary proceeding before a magistrate, and that its provisions are in nowise similar to the act referred to in *White* v. *Neptune City,* 27 *Vroom* 222, where the statute empowered a justice of the peace of the county to issue process, to hear the testimony and give judgment. It is readily observable that the statute referred to in White *v.* Neptune City failed to prescribe the machinery for a summary proceeding, and that therefore the action must have been before a justice of the peace holding the small cause court. The Fish and Game Procedure act, however, as has been seen, does provide the necessary machinery. The citation of a few cases, however, will suffice to show that this is a summary proceeding before a magistrate.

In *Hoeberg* v. *Newton,* 20 *Vroom* 617, which was an action for the recovery of a penalty for violation of the Oleomargarine act of 1886 (*Pamph. L., p.* 107), which act authorizes any District Court in any city and every justice of the peace in any county, on receiving an oath or affirmation of the violation of the law, to issue a warrant, and, upon the return of the same, to hear testimony, and to determine and give judgment in the matter, without the filing of any pleadings, the Supreme Court, in an opinion by Mr. Justice Dixon, held:

"The proceedings under this statute belong to the class styled 'Summary.' They are to be instituted before a single magistrate for the violation of a police law. No pleadings are necessary except the sworn complaint on which the process issues. On return of the process the matter is forthwith triable before the magistrate without a jury, and, on conviction, the defendant's goods, chattels and person may be immediately taken for the penalty, which, on receipt, goes into the state treasury. Under it a man may be convicted and imprisoned in execution within twenty-four hours after the alleged offence, without a trial by jury. Such a conviction is summary."

In *Feigen* v. *McGuire,* 35 *Vroom* 152, which was another conviction of violation of the Oleomargarine act, the Supreme Court held:

"The proceeding provided by the tenth section of the statute, for the punishment of violations of its provisions, is authorized to be taken before a justice of the peace, but such proceeding is summary in its character, *and is had before such justice as a magistrate, and not as a judge sitting in the court for the trial of small causes,*" citing *Hoeberg* v. *Newton, supra.*

In *Orange* v. *McGonnell,* 42 *Vroom* 418, Mr. Justice Dixon held that "in all actions before inferior magistrates upon penal statutes or ordinances, if the proceedings be summary —that is, without a right to trial by jury or an appeal—a record must be made, showing all the requisites of a legal trial, conviction and judgment, and this whether the action be in debt or trespass, or on mere complaint [citing cases].

The charter of Orange provides that actions before the police justice shall be regulated, as nearly as may be, by the act constituting courts for the trial of small causes, which gives the right to trial by jury and an appeal, and this would take the actions thus regulated out of the class of summary proceedings."

The Fish and Game Procedure act of 1897 permits no trial by jury, the magistrate being required to proceed in a summary way to hear and determine the guilt or innocence of the person accused (*Pamph. L.* 1897, *p.* 109, § 3), but an appeal is permitted to the Common Pleas (*Pamph. L.* 1897, *p.* 111, § 9), which appeal is to be heard in the same way and manner as the case was heard before the magistrate, to wit, without a jury. *Pamph. L.* 1897, *p.* 112, § 10.

See, also, *Preusser* v. *Cass*, 25 *Vroom* 532. In this case the Supreme Court noted the fact that in a summary proceeding the magistrate keeps a record, and not a docket, as is required in the small cause court.

That the provisions of the Common Informer act to be found in section 219 of our Practice act of 1903 (*Pamph. L., p.* 594) have no application to proceedings for the recovery of penalties before magistrates clearly appears from the cases of *Johnson* v. *Barclay*, 1 *Harr.* 1, and *Williamson* v. *Middlesex Common Pleas*, 13 *Vroom* 386. In Johnson *v.* Barclay the objection was that the title of the statute under which the conviction took place and the name of the prosecutor were not endorsed on the summons. Chief Justice Hornblower, however, held that "such endorsements were not necessary. The provisions of the act relative to suits by common informers do not apply to this case. Its application, by the terms and the whole tenor of the act, is limited to cases where the common informer is plaintiff on the record, where there is a regular suit or action at law, and where judgment is to be given for or against the plaintiff."

It is to be borne in mind that this is not an action of debt. Had the proceeding been directed to be by an action of debt before a justice of the peace, the designation of such a justice

necessarily would mean a justice sitting in the court for the trial of small causes. See *Greely* v. *Passaic,* 13 *Vroom* 429.

From the foregoing it seems clear that the present proceeding was before a justice of the peace sitting as a magistrate, and that the provisions of the Common Informer act do not apply to it.

With respect to the second reason assigned for reversal: The defendant has also brought up with this *certiorari* all the evidence taken before the justice of the peace. This is erroneous, as the legislature in 1905 (*Pamph. L., p.* 184) prescribed the exact form of convictions under the Fish and Game law. The evidence thus brought up is not embraced in the conviction, and is not required to be under the prescribed form. Nor is it here pursuant to any rule of the court. The evidence not being properly a part of the record we cannot examine it. *Board of Health* v. *Rosenthal,* 38 *Vroom* 216.

There being no error in the proceedings, the conviction is affirmed, with costs.