AMATO TAVERNA v. SAMUEL A. CHURCHILL AND CONRAD STARKE.

Argued November 5, 1908—Decided February 23, 1909.

1. The replication *de injuria* is not proper when the plaintiff pleads matter of excuse which consists of a justification under the process of a court of record.
2. Justification by arrest upon view and under warrant and conviction had under the provisions of the act of 1897 (*Pamph. L., p.* 109), for the enforcement of the Game act (*Pamph. L.* 1903, *p.* 526), is matter of record provable by the conviction and when pleaded in an action does not permit of the replication *de injuria*.
3. Where a *protestando* is not broad enough to cover all the matters of record set out in such plea, and the remainder of these matters of record become mixed with other facts not matters of record, the general replication *de injuria absque residuo causae* cannot stand against a notice to strike out.

On motion to strike out replications.

Before Justices GARRISON, PARKER and VOORHEES.

For the plaintiff, *Ralph W. Skinner.*

For the defendants, *Samuel A. Besson.*

The opinion of the court was delivered by

VOORHEES, J.   This is a motion to strike out six replications on the ground that they are irregular and defective and put in issue matter of record which cannot be tried by a jury, and cause a multiplicity of issues and are so framed as to prejudice, embarrass and delay a fair trial.

The action is one of trespass, *vi et armis* and for false imprisonment.   The first count of the declaration alleges that the defendant assaulted the plaintiff, seized and laid hold of him with great force and pulled and dragged him about and forced and compelled him to go along public roads to an icehouse and locked up the plaintiff therein and detained him in

person without any reasonable or probable cause, and on the same day compelled him to go from the icehouse along the public streets to the jail and there imprisoned him for three days, whereby the plaintiff was not only bruised and wounded but there greatly exposed and injured his credit and circumstances.

The second count is for beating, ill-treating and imprisoning the plaintiff without probable cause, and the third is for beating, bruising and wounding the plaintiff.

A plea of not guilty and a special plea to each of the counts of the declaration were interposed by the defendants. The special pleas are practically the same to each count and aver substantially as follows: As to the assault, imprisonment and ill-treatment of the plaintiff, that the plaintiff was guilty of a violation of the Game act (*Pamph. L.* 1903, *p.* 526), committed in view of one of the defendants, Starke, who is a deputy game warden and empowered to arrest without warrant persons guilty of violation of that act, and who on the day in question lawfully arrested the plaintiff for violation thereof committed within the constable's view, took him into his custody and thence before a justice of the peace, one of the defendants in this cause, to be dealt with according to law. The justice, upon receipt of an affidavit, summarily heard the case, found the plaintiff guilty and imposed upon him a penalty of $20 and costs, and because the plaintiff was unable to pay the penalty and costs the justice permitted him to send for his friends to obtain the money, delivering him into the custody of Starke, who placed the plaintiff in the borough jail of Secaucus until the plaintiff declared he would not pay the penalty, and thereupon the justice of the peace drew up a commitment committing the plaintiff to the county jail of Hudson county for a period of thirty days, and commanded Starke, a marshal of the borough of Secaucus, to deliver the plaintiff to the keeper of the jail in pursuance of the act. The above proceedings being in conformity to the act of 1897. *Pamph. L., p.* 109.

To each of these three special pleas two replications have been filed by the plaintiff, and they are the ones referred to

in the notice to strike out. They are practically the same as to each plea.

The first replications to the special pleas as to the trespasses attempted to be justified are *de injuria*. It is asserted that the plea, having set up an absolute right, justified the false imprisonment and assault absolutely and also justified it by matter of record. Therefore the general replication, *de injuria*, is improperly pleaded. This form of replication is a general mode of pleading available when the defendant has pleaded matter of excuse. It denies briefly by a general form and in summary terms instead of in the words of the allegation traversed, and is proper when the defendant pleads matter of excuse, provided such matter does not consist of a justification under the process of a court of record. The defendants here have interposed this plea, not as a matter of excuse but as a justification. Is this justification under the process of a court of record, for in *Crogate's Case*, 8 *Coke* *132; 1 *Sm. Lead. Cas.* 232, it was held: "In false imprisonment, if the defendant justifies by a *capias* to the sheriff and a warrant to him, there *de injuria* generally is no good replication, for then the matter of record will be parcel of the cause (for all makes but one cause) and matter of record ought not to be put in issue to the common people, but in such case he may reply *de injuria* and traverse the warrant which is matter of fact, but upon justification by force of any proceeding * * * which is not a court of record there *de injuria* generally is good, for all is matter of fact and all makes but one cause."

Are the proceedings under the Game act of a character to support the defendants' contention? A warrant of a justice of the peace was held sufficient. While the proceedings under consideration are summary, and in the absence of legislation requiring the magistrate to keep a docket or record, no official character can be attributed to any record so kept (*Preusser v. Cass*, 25 *Vroom* 532), yet the conviction contains the whole record of the proceedings from the complaint to the judgment, though by amendment (*Pamph. L.* 1905, *p.* 184) prescribing the form of conviction, the necessity for a return of

the evidence is eliminated. *Minard* v. *Dover, &c., Gas Co.,* 47 *Vroom* 132. Furthermore, the act provides for an appeal to the Common Pleas, and in such case the "justice of the peace * * * shall send all papers together with a transcript of the proceedings in the case to the Court of Common Pleas." This would, by inference, at least make the conviction conclusive, unless an appeal was taken, and protect it from collateral attack. Judgments rendered in summary proceedings under statutes are generally conclusive. *Nemetty* v. *Naylor,* 100 *N. Y.* 562.

And in this court, in *Thompson* v. *Board of Education,* 28 *Vroom* 628, it is said: "There is no distinction in point of conclusiveness between the decisions of special tribunals and the judgments of courts of record. The difference is solely in the presumption of jurisdiction." That was in reference to the county superintendent of public schools. The court says: "For present purposes it is entirely unimportant whether the decision of the state superintendent was warranted by the facts before him or whether it was grossly erroneous inasmuch as he had indubitable jurisdiction over the parties and subject-matter. If the right of the special tribunal to pass on the matter in controversy between the parties be established, its determinations are conclusive upon the parties until reversed by some appellate court. As a general rule, whenever any person is given authority to hear and determine any question, such determination is, in effect, a judgment having all the properties of a judgment pronounced in a legally-created court of limited jurisdiction acting within the bounds of its authority." See, also, *Pittenger's Administrator* v. *Pittenger,* 2 *Gr. Ch.* 156.

The conviction and arrest were matters of record provable by the record of the conviction, and so the replication *de injuria* to a plea justifying under such proceedings is bad.

This conclusion reached the second set of replications remains for consideration. They are laid with a *protestando* and are in form *de injuria absque residuo causae.*

It is objected that the *protestando* is insufficient in its scope and thereby commingles issues pertaining to the record and

justification with issues raised as to the residue. With regard to the former, being matter of record, we have seen that the replication *de injuria* is not well pleaded. A superfluous or a repugnant protestation is insufficient ground for a demurrer. The protestation has in view another suit only, and its faults of form are therefore immaterial in the present action, for every fact not traversed is, notwithstanding the protestation, to be taken as admitted in the existing suit.

But of the facts not traversed some involve matters of record. The general traverse not being allowed in matter of justification by record, and the *protestando* not being broad enough to cover all the matters of record, it follows that the remainder of these matters of record become mixed with the other facts, and therefore the replications cannot stand. *Berry v. Cahanan,* 2 *Halst.* 77.

The six replications will be stricken out with leave to the plaintiff, upon the payment of costs of this motion, to reply over within twenty days after service upon him or his attorney of the order to be entered for that purpose, together with a copy of the costs.