## THE OTIS ELEVATOR COMPANY v. J. LABAN HEADLEY ET AL.

Submitted March 23, 1911—Decided June 17, 1911.

1. A purchaser who accepts a mechanical appliance which does not conform to contract specifications, and does not adequately perform the work for which it was intended, is entitled to have an abatement of the contract price to the extent that the value of the appliance is less than it would have been if it had corresponded with the contract.

2. On rule to show cause a verdict may be set aside when the rule of damages adopted by the court is erroneous, although no exception was taken thereto at the trial.

---

On plaintiff's rule to show cause.

Before GUMMERE, CHIEF JUSTICE, and Justices REED and TRENCHARD.

For the rule, *Clarence L. Goldenberg.*

*Contra, Thompson & Smathers.*

The opinion of the court was delivered by

GUMMERE, CHIEF JUSTICE. This action was brought to recover the final payment to be made upon a contract, by the terms of which the plaintiff agreed to furnish and install in the summer hotel of the defendants in Ocean City a hydraulic passenger elevator, to be operated by water furnished from the street main. One of the provisions of the contract was that the elevator, when installed, should be capable of lifting an average load of six hundred pounds, at a speed of about one hundred feet per minute, or less, at the will of the operator, with a maintained water pressure of forty-five pounds per square inch at the operating valve from the street. The contract price was $1,490. Of this sum $1,000 was paid when the installation of the elevator was completed; the remaining $490 is still unpaid, and it is to recover this amount that the present suit is brought.

The refusal of the defendants to make the final payment was based upon the alleged fact that the elevator would not make the speed contracted for. Notwithstanding this claim of the defendants, however, they made no effort to rescind the contract, but, on the contrary, continuously used the elevator during the summer season, from the time of its installation in, May, 1908, until the commencement of this suit in April, 1910.

That the elevator would not lift six hundred pounds at a speed of about one hundred feet per minute was not disputed. The contention of the plaintiff was that the failure resulted from the lack of a maintained water pressure of forty-five pounds per square inch at the operating valve from the street. The defendant's case was that the specified pressure was maintained at the operating valve, and that the lack of speed was

due to an error in calculation made in the plaintiff's office as to the power which the supply pipe—the diameter of which was known—would furnish under the designated pressure. The court left it to the jury to determine the question whether the failure to develop the specified speed was due to the one cause, or the other, and then instructed them that if it was caused by lack of a maintained pressure of forty-five pounds per square inch at the street valve, the plaintiff was entitled to a verdict for the $490 with interest; but that if it was due to some mistake on the part of the plaintiff, then it was entitled to nothing. Under this instruction the jury rendered a verdict for the defendant.

The latter part of this instruction is plainly erroneous. Assuming (as the jury found) that the failure of the elevator to raise the specified load at the speed called for by the contract was due to faulty construction, or to a mistake in calculation on the part of the plaintiff, the retention of the appliance by the defendants after knowledge of the defect, and its continuous use by them for nearly two years thereafter, was an election on their part to accept it in its defective condition. *Woodward* v. *Emmons, 32 Vroom* 281. Having accepted it their right was to have an abatement of the contract price to the extent that the value of the elevator, as installed, was less than it would have been if it had corresponded with the contract. *Bouker* v. *Randles, 2 Id.* 335; *Wakeman* v. *Illingsworth,* 11 *Id.* 431. In other words, having accepted it, they were bound to pay for it what it was reasonably worth. *Feeney* v. *Bardsley, 37 Id.* 239. The defendants had already paid $1,000 on account. The instruction under consideration assumed that the apparatus was not reasonably worth more than that amount. There was nothing in the proofs which conclusively showed that this was the fact. The question, consequently, was one to be solved by the jury, and it was injurious error to take it from them.

It is urged that the matter discussed is not properly before us for decision. It must be admitted that the exception to the instruction was, to say the least, inartistically taken. Strictly speaking, it was not taken at all, for the objection was

to what the court failed to charge, rather than to what it did charge. But this is not a bar to the consideration of the matter by this court on a rule to show cause. On such a review, a verdict may be set aside when the rule of damages adopted is erroneous, although no exception was taken at the trial. *Hatfield* v. *Central Railroad Co.,* 4 *Vroom* 251; *Butler* v. *Hoboken Printing and Publishing Co.,* 44 *Id.* 45.

The rule to show cause will be made absolute.