THE STATE, FRANK A. BUREN, PROSECUTOR, v. CHARLES S. ALBERTSON, COUNTY SUPERINTENDENT OF PUBLIC SCHOOLS IN CAMDEN COUNTY.

1. A dispute over the election of a school trustee is a controversy with regard to which the opinion and advice of the county superintendent may be sought, under section 28 of the Public School act.

2. The county superintendent has no authority, under the Public School act, to decide controversies, so as to bind the parties; he can merely express an opinion and give advice after such investigation as seems to him reasonable.

---

On *certiorari*.

Argued at June Term, 1891, before Justices DEPUE, DIXON and REED.

For the prosecutor, *John Harris.*

For the defendant, *J. J. Crandall.*

The opinion of the court was delivered by

DIXON, J.   The present *certiorari* has brought up for review an order of the county superintendent of public schools in Camden county, adjudging an election of a school trustee for District No. 4 in that county, held on March 17th, 1891, to be illegal and void and the office of trustee vacant.

The reasons alleged for the reversal of the order are, that the superintendent has no jurisdiction over a contested election of school trustees, and that in this instance he acted without notice to the prosecutor, who had been declared elected by the election board and without legal evidence.

The provisions of the statute touching the premises are in section 28 of the Public School act (*Rev., p.* 1071), which directs that " in all controversies arising under the school law, the opinion and advice of the county superintendent shall first be sought, and from him appeal may be made, if necessary, to the state superintendent of public instruction ;" section 13, which requires the state superintendent to decide, subject to appeal to the state board of education, and without cost to the parties, all controversies or disputes that may arise under the school laws of the state or under the rules and regulations prescribed by the state board of education ; section 31, which provides for the election of school trustees, and section 25, which empowers the county superintendent to appoint trustees when the school district fails to elect at the regular time, and to fill vacancies.

We see no sufficient reason for holding that controversies over an election of school trustees are not embraced in the provisions of sections 28 and 13.   Such controversies are plainly within the fair meaning of the language employed, " all controversies arising under the school law," and the considerations, which would lead the legislature to provide a speedy and inexpensive procedure for the adjustment of dis-

putes arising under other portions of the school law, would dictate the same policy with regard to these controversies. Even though the right to the office of school trustee is to be ultimately determined on *quo warranto*, there is no impropriety in its being passed upon, for immediate purposes, by such instrumentalities as the legislature may appoint. *Conger* v. *Convery*, 23 *Vroom* 417.

But the action of the superintendent now in review goes beyond the authority which the statute confers upon him. He has assumed the power to render a judgment avoiding the election and establishing a vacancy in the office of trustee, which he is entitled to fill. But the law does not concede to him this power of adjudication. His opinion and advice only are to be sought. These terms do not import an efficient decision or any conclusion binding the parties concerned. For this reason they do not imply a trial with its essential elements. While, of course, it is reasonable that, before forming an opinion and giving his advice, this officer should investigate both sides of the controversy, yet the manner and scope of such investigation are not prescribed by legal rules, and therefore necessarily rest in his own discretion. If his opinion and advice be followed by both parties, that ends the controversy; but if not, appeal must be made, by the party seeking redress, to the state superintendent, who is empowered to try the matters in dispute and judicially decide them.

So far, therefore, as the proceeding brought up by the writ purports to decide the controversy, it must be annulled; as an indication of mere opinion and advice, preliminary to an appeal for trial by the state superintendent, it may stand.

Neither party will be awarded costs.