RUSSELL M. FITCH v. ALEXANDER SMITH.

1. An outgoing board of trustees of public schools cannot appoint to an office that will not become vacant during the term of their own official life.

2. The opinion of a county superintendent of public schools, that a certain person is entitled to an office under the School law, will not confer on such person any right to the office against an actual incumbent.

On rule.

Notice having been given of the taking of testimony under the rule to show cause heretofore made herein, the attorneys of the respective parties hereto agreed upon the following as the true state of facts :

The defendant, Alexander Smith, had been for many years previous to 1893 principal of the public school then known as District No. 8, of Guttenberg, in the county of Hudson, and from September 1st, 1893, to July 31st, 1894, said Smith performed the duties as such by virtue of a certain contract in words following :

" It is hereby agreed between the Trustees of School District No. 8 of Guttenberg, county of Hudson, that Alexander Smith, a qualified teacher possessing a license in full force and effect, that the said Alexander Smith is to teach in public schools in said District as principal for the term of eleven months for the sum of ninety dollars per calendar month, commencing on the first day of September, eighteen hundred and ninety-three and ending on the thirty-first day of July, eighteen hundred and ninety-four, and for such services properly rendered said Trustees are to pay the said Alexander Smith monthly the amount that may be due according to this Contract."

Pursuant to such contract, the said Smith performed the duties as the principal of the public school during the school years of 1893 and 1894.

The board of education of the town of Guttenberg consisted at that time of three members, and on June 29th, 1894, by a resolution passed by two affirmative, against one negative, votes, R. M. Fitch was engaged as principal to teach in said school for ten calendar months, commencing September 1st, 1894, at a salary of $90 per month, and subsequently a contract was signed by two of the trustees, with said Fitch, for the performance of such duties on his part. The following is a copy of the contract:

" It is agreed by and between the Trustees of School District No. 8 of the Town of Guttenberg, county of Hudson and State of New Jersey, and R. M. Fitch, a qualified teacher possessing a diploma in full force and effect that the said R. M. Fitch is to act as principal of public school District No. 8 for the term of ten months for the sum of $90.00 commencing on the first day of September, 1894, A. D. and for such services properly rendered the said Trustees are to pay the said R. M. Fitch the amount that may be due according to this Contract.

" Dated this 29th day of June, 1894.

"A. V. HILL,

"ANDREW GERSHAM,

"*Trustees School District No. 8.*

" R. M. FITCH,

"*Principal.*"

Previous to July 1st, 1894, the trustees of the district were three in number, and the term of office of these trustees expired on the 1st day of July, by virtue of the provisions of chapter 335 of the laws of 1894. *Pamph. L., p.* 506. Under this act of 1894 a new board of education was elected in the month of July, 1894, and on July 26th, 1894, Mr. Smith was appointed principal of the Guttenberg school, at a salary of $90 per month, for ten calendar months, by a vote of five ayes and four nays, and on the opening of the term of the school in September he entered upon the discharge of his duties as principal of said school, by virtue of said appointment from the board of education, and has continued to perform such duties since.

Mr. Fitch has never performed any of the duties as principal, and states himself to be willing to perform such duties, and that he reported for that purpose, but was prevented by the clerk of the board of education, a Mr. Lutz, from so doing ; and he also received a letter from the said clerk stating that he did not wish his services, and that Mr. Lutz ordered him out of the building. He also states that he applied to

the board of education of Guttenberg to put him in charge of the public school, by means of a letter, before the term of school commenced; he has never gone before them as a body, sitting as the board of education and demanded his rights, but has written to them to that effect and through his counsel.

. He also procured the opinion of the state superintendent of education and the county superintendent of education as to his right to teach under his contract, and both of said opinions were presented to the board of education of the town, and are hereto annexed.

"HOBOKEN, N. J., Nov. 15th, 1894.

*"Frederick Behrens, Esq., Collector, Town of Guttenberg:*

"DEAR SIR—In the case of the disputed school principalship of Guttenberg, I believe that it would be best for you to refrain from paying out money which you may be obliged to make good at your own expense. I have already given an opinion that Mr. Fitch is the principal of your school, and as such, entitled to the honors and the salary of the position. In this opinion I have been sustained by the state superintendent, and he gave his opinion after consultation with the attorney-general.

" It will be best in my judgment for you to defer payment until the matter is settled beyond peradventure.

.  "Yours truly,

"G. C. HOUGHTON."

Argued at February Term, 1895, before Justices DIXON and LIPPINCOTT.

For the relator, *James F. Minturn.*

For the respondent, *James P. Northrop.*

The opinion of the court was delivered by

DIXON, J. Assuming for present purposes that the position of principal of a public school is, as the relator insists,

a public office, still it appears that when the relator was chosen to that office by the former board of trustees, the office was held by an incumbent whose-term would not end until after the expiration of that board and the organization of a new board pursuant to the act of May 25th, 1894. *Pamph. L., p.* 506. Such a choice could give the relator no title to the office, as the power of appointment belonged to the board which would be in existence when the office became vacant. *Bownes* v. *Meehan,* 16 *Vroom* 189.

There is nothing in the letter of the county superintendent which can entitle the relator to the remedy now sought. *Buren* v. *Albertson,* 25 *Vroom* 72.

Leave to file an information in the nature of *quo warranto* should be denied, and the rule to show cause is discharged, with costs.