SALLIE H. THOMPSON, RELATOR, v. THE BOARD OF EDUCATION OF THE BOROUGH OF ELMER.

1. A school teacher who has litigated successfully before the state superintendent the controverted questions upon which her right to compensation depends, is entitled to a writ of *mandamus* to enforce a decision in her favor.

2. In such case the only burden upon the relator is to show that the jurisdiction of the state superintendent extended to the matter in dispute and over the parties in controversy.

3. The state superintendent having been given authority to hear and determine certain matters, his determination thereupon has the conclusive quality of a judgment pronounced in a legally created court of limited jurisdiction acting within the bounds of its authority.

4. There is no distinction in point of conclusiveness between the decisions of special tribunals and the judgments of courts of record. The difference is solely in the presumption of jurisdiction.

On rule to show cause why a *mandamus* should not issue.

The relator was dismissed from her position of teacher and principal by the district school trustees. She appealed to the county superintendent, who refused to decide the question in dispute. The relator then took a further appeal to the state superintendent, before whom the parties appeared and were heard. The decision of the state superintendent was that relator's dismissal was without just cause. She thereupon applied for a writ of *mandamus*.

Argued at November Term, 1894, before Justices REED and GARRISON.

For the rule, *Morris H. Stratton.*

*Contra, Martin P. Grey.*

The opinion of the court was delivered by

GARRISON, J.  *Apgar* v. *School Trustees,* 5 *Vroom* 308, is authority for the proposition that *mandamus* is the proper remedy by which a teacher, to whom compensation is due under our School law, may obtain payment thereof out of the fund provided for that purpose.

The remedy by *mandamus* differs essentially from all original suits for the recovery of money.  In debt or *assumpsit* the burden is on the plaintiff to prove every material fact and establishing all conditions precedent; but a relator who has submitted her claim to a tribunal lawfully authorized to pass upon it, may, upon mere proof of jurisdiction, rest her case upon the rights therein successfully litigated.  In respect to one class of disputes, viz., those arising under the School law, the legislature has created a series of tribunals and has provided for them a system of appellate jurisdiction.  To these tribunals the relator, being within the class of public officials for whom they were erected, had recourse.  The original controversy was whether the removal of the relator, as a teacher and principal of a graded school, was without good cause.  Jurisdiction to decide this precise question is vested in the county superintendent, by section 46 of the School law (*Rev., p.* 1078), and by section 28 (*p.* 1075) a right of appeal to the state superintendent is given in all controversies arising under the School law.  *Buren* v. *Albertson,* 25 *Vroom* 72.  The decision of the county superintendent not being favorable to the relator's contention, she appealed to the state superintendent, who assumed jurisdiction and decided that her discharge was without just cause.  The powers of this official, when sitting as a court, are so ample, and the effect given to his decisions by express legislative enactment is so conclusive, that a mere reading of the statute must dispose of most of the questions discussed before us.  "He shall decide, subject to

appeal to the state board of education, all controversies and disputes that may arise under the school laws of the state or under the rules and regulations prescribed by the state board of education, * * * *and his decision shall be binding* until a different decision shall be given by the state board of education." *Rev., p.* 1072, § 13.

In the case in hand the controversy submitted to the state superintendent covered three points, viz., the contract of the relator with the local trustees, her conduct under this contract and the effect of her certificate. This latter point is proven to have been submitted and was peculiarly within the cognizance of the expert tribunal, for the reason that certain changes had been made in the grade of the school pending the relator's incumbency, and she had been elected principal and permitted to serve under conditions that may have brought her case within the rules of the state board of education respecting provisional certificates. However that may be, the existence of these rules is one of the things of which the state superintendent would take official notice, and the correctness of his exposition and application of them was a legitimate subject of appeal to the state board of education if the local trustees were dissatisfied with it. For present purposes it is entirely unimportant whether the decision of the state superintendent was warranted by the facts before him or whether it was grossly erroneous, inasmuch as he had indubitable jurisdiction over the parties and the subject-matter. There is no distinction in point of conclusiveness between the decisions of a special tribunal such as this and the judgments of a court of record. The sole difference is in the presumption of jurisdiction that inheres in general courts alone. If the right of the special tribunal to pass on the matter in controversy between the parties be established, its determinations are conclusive upon the parties until reversed by some appellate court. As a general rule, whenever any person is given authority to hear and determine any question, such determination is, in effect, a judgment having all the properties of a judgment pronounced in a legally created court of limited jurisdiction

acting within the bounds of its authority. In the present case, the legislature for the government of a particular branch of the public service has given authority to a special tribunal to hear and decide all controversies arising thereunder. The express provision that the decisions of these tribunals shall, until reversed on direct appeal, be binding on the parties is nothing more than a declaration of the legal effect of such decisions where jurisdiction to pronounce them is established.

I fail to see how the defendants can raise here any of the questions passed upon by the decision from which they have not seen fit to appeal; nor can they be permitted to turn this rule to show cause into an action of *assumpsit* for the purpose of putting upon the relator the burden of proving her case. The relator followed the course provided by the School law until she obtained a judgment in her favor, which she is now seeking to enforce by the appropriate suit. She is entitled to a *mandamus* upon showing that the authority of the special tribunal extended to the matter in dispute and over the parties in controversy. This she has done. Let a writ issue.