MARY. A. RIDDLE COMPANY, DEFENDANT IN ERROR, v. NEW AUDITORIUM PIER COMPANY, PLAINTIFF IN ERROR.

Argued June 30, 1909—Decided November 15, 1909.

A tenant, by his lease, covenanted with his landlord "to pay all taxes levied on said (demised) land." It appeared that an assessment for taxes had been levied upon other adjoining lands of the landlord but that the demised lands had not been assessed by the assessor. Afterwards proceedings of the commissioners of appeal showed the existence of an assessment against the demised premises equal in amount to a reduction which appeared in the assessment upon the landlord's other land; and it further appeared by the judgment of the commissioners of appeal that the assessment so shown against the leased lands had been reduced. In a suit by the landlord against the tenant on the above covenant to recover the taxes paid by the landlord—*Held*, that from the mere circumstance that the amount assessed against the leased premises was the same as the reduction in the assessment against the other, an inference would not be permitted to be drawn that an apportionment of the taxes, rather than an assessment, had been made when the tax under the circumstances of the case, if apportioned, would be illegal. *Held, further*, that the proceedings and judgment of the commissioners of appeal disclosed the existence of an assessment which it will be inferred had been made by the proper officers, and had been legally laid until the contrary is made to appear.

---

On error to the Supreme Court.

For the defendant in error, *Thompson & Cole*.

For the plaintiff in error, *Bourgeois & Sooy*.

The opinion of the court was delivered by

VOORHEES, J. This action is brought to recover damages for the breach of a covenant contained in a lease. The plaintiff was the owner of a tract of land in Atlantic City which was divided by the boardwalk. The portion of this land lying oceanward of the boardwalk was, by a writing, leased to the defendant corporation, which covenanted "to pay the said yearly rent in manner aforesaid and to pay all taxes levied on said land or buildings that may be erected thereon."

The plaintiff, after defendant's refusal to liquidate them, paid the taxes for the year 1905 assessed against the leased premises, and brings this suit for reimbursement.

At the close of the case a request was made that the court direct a verdict for the defendant, and upon its refusal the defendant duly excepted to the ruling. The plaintiff then requested a direction in its favor, which was granted. Error has been assigned upon these two rulings.

Witnesses were produced by the defendant, whose testimony, it is claimed by the defendant, tended to show that the plaintiff's lands lying inside the boardwalk were assessed but that the leased lands lying oceanward thereof had not been assessed, but that afterwards, on the petition of the plaintiff, the assessment upon the lands inside the boardwalk was apportioned between them and the leased lands outside, the apportionment to the latter lands being the tax which plaintiff has paid. No petition for the apportionment was produced. The original assessments were offered, and confirm the fact that the ocean front was not originally taxed.

A comparison of the original assessments, which excluded the leased property, with the final assessments made and certified by the commissioners of appeal, and furnished to the tax collector for entry on the tax list pursuant to section 28 of the Tax act of 1903 (*Pamph. L., p.* 394), and which include the lands both inside and outside the walk, shows that their aggregate amounts are the same. From the identity of these amounts it is argued that what the commissioners of

appeal did was merely to apportion, and not to assess; and that it thereupon became the province of the jury to determine whether the leased lands had been assessed, or whether the original assessment that had been levied on the lands inside the walk had been divided and a portion thereof transferred to those lying oceanward of the boardwalk.

The defendant insists that if the latter action was taken it was beyond the power of the commissioners of appeal; that their power to apportion is confined to the division of a tax, levied generally on a tract of land, as between two or more portions of the same taxed land on the application of the owner (*Tax act* 1903, § 31, *Pamph. L., p.* 414), but that this act confers no jurisdiction to deduct a portion of the tax assessment against one tract and place it upon another tract not assessed.

Assuming the correctness of the contention as to the power to apportion, it does not meet the conditions of this case. All property is taxable except that which is specially exempted. As between the public and the defendant the matter has been set at rest by the judgment of the Supreme Court. *Auditorium Pier Co.* v. *Atlantic City,* 45 *Vroom* 303.

If the assessor did not assess the lands he violated his duty. It then became the duty of the collector or commissioners of appeal to make the assessment. *Tax act, supra,* § 28. An assessment on the leased lands signed by the secretary of the commissioners of appeal and the judgments of the commissioners of appeal reducing this assessment, were offered in evidence. The judgment concerning the 'land outside the walk recited that the plaintiff having appealed to the commissioners of appeal from the assessment on the land which was assessed at the value of $91,100, and having heard the parties and witnesses, after the examination of the facts, adjudge that the said assessment be reduced from $91,100 to $86,100, and that the tax be reduced from $1,612.47 to $1,523.97. It nowhere appears in the record of the proceedings that an apportionment had been asked for, or was actually made.

If the tax founded upon such attempted apportionment

would be illegal, then an inference that an apportionment rather than an assessment had been made, should not be permitted to be drawn from the mere equivocal circumstance before mentioned that the amounts are alike, for the law contemplates that a legal assessment ought to be made by the reviewing board of its own motion upon properties omitted by the assessor. Besides such inference would be in the teeth of the return of that board. Every intendment should be made in favor of the legality of the tax, for taxation is the rule and exemption the exception.

Granting that the evidence established the fact that the lands had not, in the first instance, been assessed by the assessor, we think the proceedings and judgment of the commissioners of appeal disclose the existence of an assessment. Therefore, it will be inferred, in the absence of contradictory evidence, that the proper officers, designated by statute, had performed the duty enjoined upon them by the act and had assessed them because the assessor had omitted to do so, and that this assessment was the one reduced by the judgment above mentioned.

There was no evidence offered to the effect that the taxing agencies did not perform this duty, and in the absence of contradiction the certificate and judgment of the commissioners of appeal must be taken as conclusive of the fact of an assessment which had been reduced by their judgment. The difference between the decision of a special tribunal and the adjudication of a court of general jurisdiction consists alone in the presumption of jurisdiction existing in the latter tribunal. As to the conclusive character of their deliverances there exists no difference. *Thompson* v. *Board of Education,* 28 *Vroom* 628.

The lands were not exempt, therefore the existence of an assessment against them warrants the presumption that such assessment has been legally laid until the contrary is made to appear.

There being no jury question presented the judgment will be affirmed.

*For affirmance*—THE CHIEF JUSTICE, GARRISON, REED, TRENCHARD, PARKER, BERGEN, VOORHEES, MINTURN, BOGERT, VREDENBURGH, VROOM, GRAY, DILL, CONGDON, JJ. 14.

*For reversal*—None.