WILLIAM BROWN, PLAINTIFF-DEFENDANT IN ERROR, v. ABE FREEMAN, DEFENDANT-PLAINTIFF IN ERROR.

Submitted March 25, 1912—Decided March 14, 1913.

1.  Defendant hired the plaintiff's automobile by the hour. The plaintiff's chauffeur operated the car. The car ran into a ditch and became stalled. The defendant employed one Sooy to extricate the car and care for it until called for. Sooy approached the machine at night with a lighted lantern equipped with an ordinary glass globe, notwithstanding there was a strong odor of gasoline from the place, and without making an examination to see whether there was a leak, or whether it was safe to so approach it. The gasolene ignited and the car was destroyed. *Held*, that the court properly submitted to the jury the question of the negligence of Sooy in bringing an open light about the machine before examining it to ascertain whether it was safe to do so.
2.  Defendant having hired Sooy to remove the automobile from the place where it was stalled, Sooy was defendant's servant for that purpose and not an independent contractor.
3.  The defendant's servant having approached the machine with a lighted lantern, which was the only light near the pan of the car at the time escaped gasoline took fire and destroyed the automobile, the facts were sufficient to support the finding of a jury that it was the light from the lantern which caused the fire.

On error to the Supreme Court.

For the plaintiff in error, *Theodore W. Schimpf.*

For the defendant in error, *Bourgeois & Coulomb.*

The opinion of the court was delivered by

KALISCH, J. William Brown, the plaintiff below, obtained a judgment in the Atlantic Circuit against Abe Freeman, the defendant below, for the destruction of his automobile by fire, through the carelessness of the defendant. The judgment is before us for review on a writ of error. Brown was the owner of the automobile which he used for hacking purposes. One Fleming was Brown's chauffeur who drove the car. Freeman hired the automobile to take him and a party of friends on a pleasure ride. He made his bargain with Fleming to pay $4 per hour. Freeman sat next to the chauffeur, and while en route, Fleming in an attempt to prevent his hat from blowing off, raised his hand from the steering wheel to catch it, whereupon Freeman seized the steering wheel with the result that the car swerved to the side of the road and ran into a ditch. All the occupants of the car were more or less injured, and the chauffeur sustained a dislocated shoulder. The car was left where it was ditched and Freeman proceeded to the nearest inhabited place and employed one Sooy to remove the car from the ditch and care for it until called for. Sooy took with him several assistants, and when he arrived at the place of the accident, it was dark, and for the purpose of facilitating the removal of the car he used a lighted lantern, equipped with an ordinary glass globe. Sooy, with his assistants, began to raise the car when the odor of gasoline was perceived. It appeared that gasoline had leaked from the machine and soaked into the ground beneath the pan. The only light near the machine was the lighted lantern that Sooy had brought with him and which stood directly opposite the pan, within six or eight feet of it. The gasoline ignited and the car was destroyed. The gravamen of the plaintiff's declaration is that the servant of the defendant carelessly brought a lighted lantern in close proximity of the car from which gasoline, a highly inflammable and explosive substance, was leaking, without first making an examination to ascertain whether there was such leakage. There was testimony that a strong ordor of gasoline came from the place where the car was ditched and which was ob-

served by Sooy, at the time an effort was made to raise the car. Sooy, it appears, had experience in lifting out automobiles, and had done it repeatedly. He also had knowledge of the explosive character of gasoline, and it was a question, after the machine had been ditched, whether it was the exercise of ordinary prudence to bring a light about it, before an examination was made to see if there was a leakage and safe to do so.

If it was not such care as the ordinary prudent person would have exercised under all the circumstances, then it was a negligent act. It was in this aspect of the law that the solution of the question was submitted by the trial judge to the jury, and we think properly so.

It is insisted by the plaintiff in error that Sooy was an independent contractor, and therefore he alone is answerable, to the plaintiff, for the result of his negligent act. This position is untenable. The jury must have found that the defendant employed Sooy to remove the car from the ditch; and thereby Sooy became the agent of the defendant for that purpose, and whatever Sooy did in the scope of his employment to accomplish that end was the defendant's act under the familiar legal maxim *qui facit per alium facit per se.*

It is further contended by the plaintiff in error that there was no testimony to support the finding of the jury that the lighted lantern caused the explosion and fire. While it is true that there was no direct testimony to that effect, there were circumstances present which pointed conclusively to the explosion being caused by the lighted lantern. There was testimony that gasoline was leaking from the car; that the lighted lantern was the only light near the pan of the car; that there was nothing in or about the car which could have caused the explosion or fire. The trial judge submitted to the jury the determination of the question whether it was or was not the light from the lantern which caused the fire, and we think in doing so he pursued the proper course. *Wilkins* v. *Standard Oil Co., 49 Vroom* 524.

Judgment will be affirmed.

*For affirmance*—The Chief Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Bogert, Vredenburgh, Congdon, White, JJ. 12.

*For reversal*—None.