School District Annexation — Election — Appeal Where a valid petition for annexation is filed with the County Superintendent who calls an election thereon, the annexation is approved by a majority of the school district electors voting thereon and no appeal to district court is perfected, the filing of a petition in a separate cause of action in district court does not stay the effective date of the annexation where such cause of action is nothing more than a collateral attack upon an otherwise valid order. Under the facts set out above a new school district has been formed and a new board of education must be appointed therefor. Subsequent acts of either of the old boards of education would be invalid and members of such boards would be personally liable for expenditures made by them. The Attorney General has considered your request for an opinion on the following two questions: "1) Would the Cushing and Harmony Districts cease to exist on July 28, 1969 and are each of these districts without a school board at this time? "2) If either of the old school boards is continuing to function, would its acts be valid or would its members be liable personally and on their bonds for any expenditures made by such board?" You state as factual background that the Cushing Independent School District No. 67, in an election held on July 15, 1969, voted to annex to the Harmony Dependent School District No. 106. The results of the election were certified by the County Superintendent of Payne County, Oklahoma, and during the ten-day protest period, no elector of the Cushing Independent School District protested by appeal to the District Court of Payne County, Oklahoma. The Harmony Dependent School District No. 106 filed cause No. C-69-143 in the District Court of Payne County, Oklahoma, naming the County Superintendent of Schools of Payne County, Oklahoma, and the Cushing Independent School District No. 67, as defendants. The District Court of Payne County. Oklahoma, dismissed cause No. C-69-143 and the Harmony District served notice of its intention to appeal the court's order of dismissal to the Supreme Court of Oklahoma. You further state you are being urged to appoint three members of the Board of Education of the newly organized school district. Title 70 O.S. 7-1 [70-7-1] (1968), in relevant part provides: "The territory comprising all or part of a school district may be annexed to an adjacent school district, . . . when approved at an annexation election called and conducted by the county superintendent of schools (i) in pursuance of a petition for annexation signed by a majority of the school district electors in the territory proposed to be annexed, hereinafter referred to as the area affected, 25 provided in this Section, . . . Such election shall be held within fifteen (15) days after the county superintendent of schools receives such petition, at some public place in the school district in which the area affected is situated. . . . "The annexation shall be approved by a majority of the school district electors voting at such election. (1) of an entire school district, . . . . . . . . "If the annexation is approved, as hereinbefore provided, the county superintendent of schools shall, within five (5) days after such election, make an order declaring the annexation as requested in the petition or resolution for annexation, but the annexation shall not become effective until the time for filing an appeal, as hereinafter provided, has expired. . . Within ten (10) days after the order of the county superintendent of schools is made, twenty-five percent (25%) of the school district electors who were eligible to vote at the annexation election may appeal to the District Court of the county in which the territory proposed to be annexed, . . . is situated, and thereafter all proceedings shall be stayed until the District Court has rendered judgment. . . ." From the facts outlined by you it appears a valid petition for annexation was filed with the County Superintendent of Payne County, Oklahoma, signed by a majority of the school district electors in the territory proposed to be annexed, the entire Cushing Independent School District No. 67; that the election was called and the annexation was approved by a majority of the school district electors voting at such election; that the County Superintendent pursuant to law made an order declaring the annexation; that no appeal was taken by 25% of the school district electors who were eligible to vote at the annexation election. You enclose a copy of the petition of Harmony Dependent School District No. 106 in cause No. C-69-143, filed in the District Court of Payne County, Oklahoma, and dismissed, upon hearing by the court on August 1, 1969. It is from this order of dismissal that Harmony District is perfecting an appeal to the Supreme Court of Oklahoma. We have carefully read the petition in cause No. C-69-143 and it appears to be nothing more than a collateral attack upon a final order of annexation entered by the County Superintendent of Payne County, Oklahoma, on July 16, 1969. Volume 49 C.J.S. Judgments Section 407(d), sets out the general rule as follows: "The rule against collateral impeachment of judicial decisions applies to the determinations of state and county officers or boards of officers, who, although not constituting a court, are called on to act judicially in matters of administrations, such as statutory boards of claims or civil service commissions. The rule has also been held applicable to the judicial acts of a referee in bankruptcy and to the quasi judicial acts of an executive officer of the government. . . ." In the case of City of Phoenix v. Sanner, 54 Ariz. 363, 95 P.2d 987, the court held in the second paragraph of the syllabus: "The rule that a judgment duly rendered which has become final is not subject to collateral attack applies to the determinations of different officers and boards of officers who, although they do not, strictly speaking, constitute a court, are called upon to act judicially in matters of administration." For other cases adhering to the same general rule, see Hanson v. Hoffman, C.C.A. Okla. 1940, 113 F.2d 780; Thompson v. Board of Education,57 N.J.L. 628, 31 A. 168; Ex parte Beck, D.C. 245 F. 967; Kirby Lbr. Co. v. Adams, 127 Tex. 376; 935 W. 2d 382;May v. Penton, 45 Wyo. 82, 16 P.2d 35. The order of the County Superintendent declaring the annexation of the Cushing Independent School District No. 67 to the Harmony Dependent School District No. 106 became a final order on July 27, 1969, because no appeal was taken therefrom. The appeal or threatened appeal on account of the dismissal by the District Court of Payne County, Oklahoma, of cause No. C-69-143 would not stay the effect of the annexation order of the County Superintendent. There is, therefore, a newly organized school district without a board of education, if a high school is maintained therein. In our opinion of April 16, 1959 to the Honorable Jean L. Pazoureck we said: ". . . Where an independent school district annexes itself to a dependent school district not maintaining a high school, the three member board of education continues, but that if the dependent district (after the annexation) maintains a high school, there is created a five member board of education which replaces the former three member board of education of the dependent school district when it did not maintain a high school. ". . . Where there is a new five member board of education under the circumstances mentioned, three members should be appointed by the Governor, and that the three members so appointed should appoint the remaining two members." It is the opinion of the Attorney General your first question should be answered in the affirmative; the Cushing Independent School District No. 67 and the Harmony Dependent School District No. 106 ceased to exist on July 27, 1969, and each of these school districts are without a board of education at this time. It is the further opinion of the Attorney General your second question be answered as follows: If either of the boards of education, of Cushing Independent School District No. 67 or Harmony Dependent School District No. 106, is continuing to function, its acts would be invalid and its members would be liable for any expenditures made by such board. All monies and property belonging to the two former school districts now belong to the newly organized school district, as provided in 70 O.S. 7-4 [70-7-4] (1961), and the care, custody and expenditure of the same must be by the board of education of the new district. In view of the above, you should proceed to appoint three members of the board of education of the newly organized school district and those three members should appoint two members to constitute the five member board of education. (W. J. Monroe)