STATE, JAMES D. HALL, PROSECUTOR, v. JAMES SNEDE-
KER, COLLECTOR, &c..

If a party assessed for taxes has notice and opportunity to make his appeal and proofs before the commissioners of appeal, and fails to attend and produce his proofs of error in the assessment, he will be refused relief on *certiorari*.

On *certiorari*.   In matter of taxation.

Argued at November Term, 1879, before Justices DEPUE, SCUDDER and KNAPP.

For the prosecutor, *W. D. Holt.*

For the defendant, *A. G. Richey.*

The opinion of the court was delivered by

SCUDDER, J.   The prosecutor was assessed in 1876 and 1877 for a bond and mortgage to secure the payment of $10,000.   The mortgage, executed by Alfred Perrine and wife, was given to James D. Hall, William Warwick and Charles R. Burk, and was on lands in East Windsor township, Mercer county.   When the assessment was made for taxes in the years 1876 and 1877, respectively, Perrine claimed a deduction as owner of the land, for the amount of the mortgage ($10,000), and it was allowed by the assessor, under act of April 17th, 1876.   *Rev., p.* 1163.

In making the claim for deduction, Perrine made oath that

he was indebted to James D. Hall, of Sharon, Upper Free-hold township, Monmouth county, for the amount of this mortgage. The collector of East Windsor township, Mercer county, wherein the lands in the mortgage described are situate, gave notice of the assessment to James D. Hall, and after sixty days reported him as a delinquent, and a warrant was issued by a justice of the peace for collection.

The only reason urged for non-payment of the tax is, that the prosecutor did not own this bond and mortgage; that William Warwick and Charles R. Burk were joint owners with him in 1876; and that his son, James E. Hall, was the owner in 1877. The bond and mortgage are dated August 19th, 1875. They were assigned December 21st, 1876, by Hall, Warwick and Burk to James E. Hall; this assignment being recorded January 12th, 1877.

At the time of the assessment in 1876, it appears on the face of the papers that the bond and mortgage belonged to Hall Warwick and Burk, and when the assessment was made in 1877, they appear to have been the property of James E. Hall. The assessor was justifiable in the first instance in taking the sworn statement of Perrine that the deduction claimed by him was a mortgage held by James D. Hall.

On receiving notice from the collector of the tax assessed against him, and of the meeting of the commissioners of appeal in cases of taxation, it was the duty of the prosecutor, if he thought himself aggrieved by such assessment, to appeal to the commissioners, and appear before them to substantiate his appeal. It was also the duty of the assessor who made the assessment appealed from to be there, and offer such reasons as he might think proper in support of the assessment. *Rev., p.* 1148, §§ 47, 48, 50.

The commissioners have full power by statute to issue subpœnas, and administer oaths, to examine and give such judgment as shall be agreeable to the principles of justice. Before these commissioners the prosecutor testifies that he did appear in 1876, and requested them " to tax it right." He also swears that in 1877, the second year in which he is taxed,

that he met the assessor of the township of East Windsor, and told him " to tax the mortgage right," that it belonged to James E. Hall; but in that year he did not appear before the commissioners of appeal.

Against these mere declarations of the prosecutor the commissioners of appeal and the assessor had the oath of Perrine, who claimed the deduction, that he owed the mortgage to James D. Hall. He did not offer any proof, nor present the bond and mortgage or assignment, to these officers on either occasion. If his testimony be taken as true, he merely made the assertion of ownership in others, and left the officers to find out, as they might, whether his declaration was true or false. He says he had the evidence in his hands, but did not produce it.

The assessor of taxes for 1876 and 1877, and the chairman of the commissioners of appeal, testify that they have no knowledge or recollection of any claim by Hall that the bond and mortgage belonged to others, or that he made any appeal from the assessment. There does not appear to have been any minute of an appeal taken, nor is there any witness in corroboration of the statement made by the prosecutor. It does, however, appear that at the time these assessments were made the bond and mortgage assessed were in the possession of the prosecutor; that the only receipt for interest endorsed on the bond, April 1st, 1876, is signed by him alone; that they were assigned to his son December 20th, 1876, and after the assessment of 1877 were assigned to him.

The prosecutor having had notice, and an opportunity to make his appeal and proof before the commissioners, for the purpose of having any error in his assessment corrected, and the evidence presented to us tending to show his control, and real ownership of this bond and mortgage at the time these two several assessments were made, there are no merits in the case to entitle him to relief; this court has a legal discretion to refuse the relief asked on this writ. *State, Poulson, pros.,* v. *Matthews,* 11 *Vroom* 268.

The assessment will be affirmed, with costs.