THE STATE, EX REL. CHARLES JEFFERSON, v. THE BOARD OF EDUCATION OF THE CITY OF ATLANTIC CITY.

Submitted December 8, 1899—Decided December 29, 1899.

This court may, in the exercise of its discretion, refuse to interfere by *mandamus* in a controversy cognizable by the special tribunals created by the School law of this state, where an appeal to such tribunals has not been made.

On rule for a *mandamus*.

The rule required the board of education of the city of Atlantic City to meet together and by resolution order, direct and instruct the teachers of the Indiana avenue school to receive into that school the son of the relator, who had been in attendance there prior to the establishment of a school nearer to relator's place of residence.

Before Justices GARRISON and COLLINS.

For the rule, *J. L. Van Syckel.*

*Contra, B. C. Godfrey.*

PER CURIAM.

We think that this application is premature.   The controversy arose under the School law of the state, to wit, under section 131.   *Gen. Stat., p.* 3036.   Section 28 of the School law provides that " in all controversies arising under the School law the opinion and advice of the county superintendent shall first be sought, and from him appeal may be made, if necessary, to the state superintendent of public instruction," who, by the thirteenth. section, " shall decide subject to appeal to the state board of education, and without cost to the parties, all controversies or disputes that may arise under the school laws of the state,   *   *   *   and his decision shall he binding until a different decision shall be given by the state board of education."

The erection of this chain of tribunals indicates a legislative policy to place the redress of such grievances in the first instance in the hands of the higher school authorities. *Buren* v. *Albertson,* 25 *Vroom* 72 ; *Thompson* v. *Board of Education,* 28 *Id.* 628.

This administrative policy and. the obviously wise ground upon which it rests have weight with this court when called upon to exercise a sound judicial discretion such as is now

invoked. The relator's grievance is one that the special statutory tribunals created by the School law are authorized to hear and are competent to redress without in the least abridging his right of access to this court should relief be denied him. The eminent propriety of requiring the relator to pursue the remedy thus provided and the extreme inexpediency of the initial interference by this court in controversies between parents and teachers with respect to school management are so plain that our clear duty is to deny the writ of *mandamus* for which application has been made. In the case of *Pierce* v. *School Trustees,* 17 *Vroom* 76, the facts before this court were sufficiently different from those at issue in the present case to lead to the result there reached.

The relator's rule to show cause is discharged, but without costs.