RUDOLPH O. KOVEN v. THOMAS STANLEY ET AL.

Argued May 12, 1913—Decided May 31, 1913.

1. Ordinarily the prerogative writs of the state will not be allowed in a case arising under the School law until the remedy under that act has been exhausted; but this is a matter of sound judicial discretion, and a writ of *quo warranto* may issue to determine the title to office of members of a local board of education without waiting for the determination of the double appeal to the commissioner of education and the state board where their action cannot be either final or effective.

2. Members of a local board of education whose only title to office is by appointment of the mayor acting under the act of 1911, which was declared unconstitutional in *Sheridan* v. *Lankering*, 54 *Vroom* 123, cannot sustain their claim to the office under chapter 272 of the acts of 1912, nor under chapter 370 of the act of the same year.

3. Members of a local board of education who were elected in 1910 for three years, had their terms extended to February 1st, 1914, by chapter 370 of the act of 1912.

4. Members of a local board of education who have a valid title to their office by election do not lose it by acting after a void appointment by the mayor.

On *quo warranto.*

Before Justice SWAYZE, by consent.

For the relator, *Horace L. Allen.*

For the defendants, *Francis H. McCauley.*

The opinion of the court was delivered by

SWAYZE, J. The error in entitling the cause in the name of the state instead of in the name of the attorney-general is purely formal and may be amended.

The first question is the right to proceed by *quo warranto* before appealing to the commissioner of education and the state board. It is well settled that ordinarily the prerogative writs of the state will not be allowed until the remedy under

the School law has been exhausted. The rule was accurately stated by Mr. Justice Garrison in *Jefferson* v. *Board of Education*, 35 *Vroom* 59. He said: "The erection of this chain of tribunals indicates a legislative policy to place the redress of such grievances in the first instance in the hands of the higher school authorities. This administrative policy, and the obviously wise ground upon which it rests, have weight with this court when called upon to exercise a sound judicial discretion such as is now invoked." It is, as he says, a matter of sound judicial discretion, and ordinarily in cases where a *certiorari* or *mandamus* is applied for, the writ will be refused until an appeal is had to the state board of education. *Stockton* v. *Board of Education*, 43 *Id.* 80. In *Sheridan* v. *Lankering*, 54 *Id.* 123, the writ of *quo warranto* issued; the report does not show whether the right of appeal to the state board had been exhausted.

There is a reason why the court should permit the issue of a *quo warranto* without waiting for the determination of the double appeal to the commissioner of education and to the state board. The action of the commissioner and the board cannot be either final or effective. It cannot be final since neither the relator nor the defendant can be deprived of the right to submit the question to a jury if the pleadings are so framed as to present an issue of fact. It cannot be effective since the state board cannot oust the incumbent of a public office. They pass on the question only for immediate purposes. *Buren* v. *Albertson*, 25 *Vroom* 73. In that case Mr. Justice Dixon likened the proceedings to proceedings in a contested election under the Elections act, which are a mere supplement to the election machinery and do not and cannot constitutionally oust the jurisdictions of this court by *quo warranto*. *Conger* v. *Convery*, 23 *Id.* 417. I think it clear that where so important a question as the title of members of a school board to their office is involved, a proper exercise of discretion permits, if it does not require, the speedy adoption of the only final and effective procedure to determine the question. The motion of the defendants to dismiss the writ is therefore denied.

The plaintiffs move to strike out the defendants' answers, because they disclose no defence and this motion presents the meritorious question in the case, and as the facts are not disputed, its decision disposes of the case. Separate answers are filed because the defendants do not all stand in the same position. Gebhardt, Cadwallader, Miles, Hetzel, Koster and Strickland claim only under appointment by Mayor Kugler in 1912, in reliance upon chapter 233 of the laws of 1911. Stanley claims by election in 1910, and Ritter and O'Hara by election in 1911. The claim of those holding under appointment by Mayor Kugler may be readily disposed of. The only color of authority for their appointment is the act of 1911. That act has been pronounced unconstitutional by this court. *Sheridan* v. *Lankering, supra.* Some effort was made to sustain the right of these six gentlemen to their offices under chapter 272 of the acts of 1912. But that act attempted only to validate and confirm appointments made under the act of 1911. To hold that the mere validation of appointments under it could galvanize into life an unconstitutional statute would be to hold that the fundamental defect in the act could be cured indirectly and by inference. The real object of the act of 1911 was to repeal sections 39 and 40 of the School act which provided for elective boards. The amendment of section 38 was only incidental. Unless section 39 was repealed, it was still open to the voters to choose an elective board as provided in section 40. The attempt in chapter 272 of the laws of 1912, as construed by the defendants, was to deprive the voters of this right by the mere pretext of validating appointments and to effect a substantial change of the law by subterfuge. The unconstitutionality of a statute cannot be cured in this way. Gebhardt, Cadwallader, Miles, Hetzel, Koster and Strickland claim, however, that they are entitled to hold office by virtue of the proviso in chapter 370 of the laws of 1912, which enacts that every member of a board of education in a school district affected by the act shall continue to serve during his term of office and thereafter until the first day of February then next ensuing. This applies, however, only to members of a

board of education, not to those who merely claim to be such and illegally usurp the office. Such is the position of the six defendants last above named. Their answers present no defence and must be stricken out. If, as I understand from counsel, the fact is that there is no other defence, judgment of ouster should be entered.

The cases of Stanley, Ritter and O'Hara are different. Stanley was elected in 1910; his term would have expired in 1913, and chapter 370 of the laws of 1912 extends it to February 1st, 1914. Ritter and O'Hara were elected in 1911; their term will expire in 1914, after February 1st; the act of 1912 extends it to February 1st, 1915. It is said in opposition to this that chapter 370 of the laws of 1912 applies only to members of the board who are legally in office and that the three gentlemen named forfeited their legal right by accepting appointments from Mayor Kugler and acting with the other members appointed by him, to the exclusion of the gentlemen who had been elected with them. This action, it is said, was not only the acceptance of an incompatible office but an abandonment and surrender of their elective office. This argument savors of legal nicety. The office was that of member of the board of education; it was the same office whatever the source of the title to hold it. What these men did was to qualify and act both under their election and their appointment. Acting under a void appointment was not incompatible with acting under a valid election. The duties, the rights, the conduct was the same whatever the source of title. So far were they from abandoning their office that they did all they could to fortify themselves in its possession and to put their tenure beyond cavil. Their act was well advised. Sheridan *v.* Lankering was not decided until June 5th, 1912. Until that time they had the right to assume that chapter 233 of the laws of 1911 was applicable. Their later acceptance under the appointment of December, 1912, may have been due to a belief that the decision of this court in Sheridan *v.* Lankering might be reversed on appeal or even to a wish to test the question by an appeal in their own behalf to the court of last resort. Whatever their motive, their

conduct did not vacate their claim under the elections by which they originally held the office. I think the answers of Stanley, Ritter and O'Hara present a good defence and I decline to strike them out.

The case as presented to me does not raise the question who are the remaining members of the board. The relator files his information as a citizen, and not as a claimant of the office. The only question I can lawfully decide on this record is the right of the defendants as set forth in their answers.

The relator is entitled to costs as against the six whose answers are stricken out; the three whose answers are sustained are entitled to costs against the relator.