LEO M. WALDOR, PLAINTIFF, v. JOHN J. UNTERMANN, DEFENDANT.

Superior Court of New Jersey
Law Division

Decided March 21, 1950.

*Mr. Raymond C. Connell,* attorney for plaintiff.

*Mr. Julius Kass,* attorney for defendant.

COLIE, J. S. C.   Leo M. Waldor filed a complaint alleging that on July 1, 1949, John J. Untermann was appointed to the Board of Education of the City of Newark; that at the time ·of his appointment, Mr. Untermann had not been a resident of the City of Newark for three years next preceding his appointment, and it is further alleged that his appointment violated the pertinent statute and demanded judgment that the defendant be ousted from the office of a member of the Board of Education of the City of Newark.   Attached to the complaint are the affidavits of the plaintiff Waldor and one Nicholas J. Villarosa, Jr., deposing that he, Villarosa, examined the voting record of John J. Untermann in the office of the Superintendent of Elections of Essex County and ascertained that John J. Untermann on September 24, 1942, registered to vote, giving his residence as 1 Warner Road, Maplewood, New Jersey, and further deposing that the record showed that John J. Untermann voted in the general elections for the years 1946, 1947 and 1948 in the Township of Maplewood and on March 25, 1949, transferred his voting residence from the Warner Road address in Maplewood to 16 Johnson Avenue, Newark.   By stipulation of counsel, the matter was submitted to the court sitting without a jury for final determination.

██ The applicable statute, *R. S.* 18 :6–8, reads in part: "A member of the board shall be * * * a citizen and resident of the territory contained in the district, and shall have been such citizen and resident for at least three years immediately preceding his becoming a member. * * *" The only evidence before the court as to the residence of Mr. Untermann is the affidavit of Mr. Villarosa above referred to, which shows that he was registered as a voter in the Township of Maplewood and voted there at the general elections in 1946, 1947 and 1948, and further that he was listed in the

New Jersey Bell Telephone Directory issued in July, 1948, as residing at 1 Warner Road, Maplewood, N. J., and there is no evidence that Mr. Untermann was a resident of Newark for three years prior to his appointment on July 1, 1949. Defendant contends that this court is without jurisdiction to determine the question at issue and asserts that plaintiff has not, in conformity with *Rule* 3 :81–14 exhausted his remedies under the School Law. It is argued that under *R. S.* 18 :3-14 the plaintiff should have instituted proceedings before the Commissioner of Education. This contention is without merit. In *Koven v. Stanley,* 84 *N. J. L.* 446 *(Sup. Ct.* 1913), the Supreme Court held that a litigant was entitled to proceed by *quo warranto* before appealing to the Commissioner of Education and the State Board. That holding is controlling in the present case.

Judgment may be entered ousting said John J. Untermann from the office of member of the Board of Education of the City of Newark with costs to be taxed.