10 N.J. Super. 188 (1950)
76 A.2d 906
LEO M. WALDOR, PLAINTIFF-RESPONDENT,
v.
JOHN J. UNTERMANN, DEFENDANT-APPELLANT.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1950.
Decided November 29, 1950.
*189 Before Judges JACOBS, EASTWOOD and BIGELOW.
Mr. Julius Kass argued the cause for the appellant (Mr. Jacob H. Bernstein, attorney).
Mr. Raymond C. Connell argued the cause for the respondent.
The opinion of the court was delivered by JACOBS, S.J.A.D.
This is an appeal from a judgment entered in the Law Division which determined that the defendant was not lawfully appointed to the office of member of the Board of Education of the City of Newark and directed his ouster.
The plaintiff, as a taxpayer of the City of Newark, filed a complaint pursuant to Rule 3:81-2 which alleged that, on or about July 1, 1949, the defendant was appointed as a member of the Board of Education of the City of Newark and thereafter assumed and continued to occupy the office although he had not met the residence requirement of R.S. 18:6-8, and *190 sought his ouster. Affidavits attached to the complaint set forth that the defendant had not been a resident of the City of Newark for a period of three years preceding his appointment, maintained his home in the Township of Maplewood, was registered to vote as a resident of that Township until March, 1949, and voted in that Township in the general elections for the years 1946 through 1948.
Following the filing of the complaint the Law Division issued an order to show cause why the defendant should not be enjoined from carrying on the duties of member of the Board of Education. Thereupon the defendant served notice of motion to dismiss the complaint on the ground that the court lacked jurisdiction because the "plaintiff had failed to exhaust his remedies before the Commissioner of Education and the State Board of Education as required by the statutes of New Jersey in such case made and provided." See R.S. 18:3-14. When the order to show cause and the motion to dismiss came on for argument before Judge Colie the parties entered into an oral stipulation that the court may render final judgment thereon. We take this stipulation, as did Judge Colie, to have been intended as an agreement authorizing the court to dispose of the matter on the papers before it and the arguments of counsel with like effect as if trial had been had and completed. The defendant filed no affidavits whatever in opposition to those asserting that he was not a qualified resident of the City of Newark and the Law Division's finding on this factual issue was justified upon the record before it. Cf. Taub v. Taub, 9 N.J. Super. 219 (App. Div. 1950). The sole legal contention raised by the defendant before the Law Division was that there was a lack of jurisdiction because of the plaintiff's failure to exhaust his administrative remedies; this contention was found to be without merit. See Waldor v. Untermann, 7 N.J. Super. 605 (Law Div. 1950). Before this court the appellant has renewed this contention as his first and primary point on appeal.
The rule that administrative remedies must ordinarily be exhausted before resort is had to the courts has long *191 found recognition in our State. See Jefferson v. Board of Education, 64 N.J.L. 59 (Sup. Ct. 1899). Cf. State, Young v. Parker, 34 N.J.L. 49 (Sup. Ct. 1869); State, Hall v. Snedeker, 42 N.J.L. 76 (Sup. Ct. 1880). It was intended as a simple rule of orderly procedure (Ward v. Keenan, 3 N.J. 298, 302 (1949); 25 N.Y.U.L. Rev. 401 (1950)) and has been of significant aid to the proper administration of justice. However, it was neither jurisdictional nor absolute and was departed from where, in the opinion of the court, the interests of justice so required. See Lane v. Bigelow, 135 N.J.L. 195, 200 (E. & A. 1947); Conaway v. Atlantic City, 107 N.J.L. 404, 408 (Sup. Ct. 1931); Koven v. Stanley, 84 N.J.L. 446, 447 (Sup. Ct. 1913). In the Lane case the Court of Errors and Appeals permitted judicial determination without exhaustion of the administrative remedy available under the Zoning Act and adopted the position taken earlier in the Conaway case that the court had "power to intervene, and in a proper case will intervene, without waiting for intermediate statutory remedies to be exhausted." In the Koven case the court entertained a quo warranto proceeding to determine the title to office of members of a school board without awaiting determination of the double appeal to the Commissioner and the State Board of Education. After expressing his thought that the administrative tribunals could not take dispositive action on the issue presented Justice Swayze said: "I think it clear that where so important a question as the title of members of a school board to their office is involved, a proper exercise of discretion permits, if it does not require, the speedy adoption of the only final and effective procedure to determine the question."
The appellant urges that the foregoing cases, particularly the decision in the Koven case, are not entitled to any weight in view of the adoption of Rule 3:81-14 and the holdings of our Supreme Court in Ward v. Keenan, supra, and State v. Yaccarino, 3 N.J. 291 (1949). Rule 3:81-14 provides for the exhaustion of administrative remedies "except where it is manifest that the interests of justice require otherwise." This *192 rule of procedure is neither jurisdictional (Constitution, 1947, art. 6, § 3, par. 2, § 5, par. 4) nor is it absolute as its terms disclose. Cf. Rule 3:1-2. In the Ward case the Supreme Court, after rejecting the far reaching views of Myers v. Bethlehem Shipbuilding Corp., 303 U.S. 41, 82 L.Ed. 638 (1938) (see 51 Harv. L. Rev. 1251, 1264 (1938); 63 Harv. L. Rev. 690, 691 (1950)), stated that the exhaustion doctrine may properly be considered inapplicable (1) where the jurisdiction of the administrative tribunal is challenged on persuasive grounds and (2) where the charges asserted before the administrative tribunal are so palpably defective as to render its jurisdiction colorable. Nowhere in its opinion do we find support for the appellant's argument that these were inflexibly declared to be the only instances in which the court may entertain a proceeding in advance of the exhaustion of available administrative remedies. Indeed, when Rule 3:81-14 was adopted it was well recognized that there may be other situations in which the interests of justice will clearly dictate immediate judicial determination without awaiting the administrative process, and the very purpose of its general and comprehensive phraseology was to permit these to be dealt with properly as they arise. Cf. Salmond, Jurisprudence (10th ed. 1947), p. 52. The Yaccarino case likewise furnishes no aid to the appellant; there the court simply held that appeals from convictions in the Municipal Courts shall be taken under Rule 2:11 to the County Courts and the discretion of the Appellate Division to review a cause directly from a local criminal court under Rule 4:5 is confined to extraordinary cases.
In the light of the foregoing we have concluded that the Law Division did not commit reversible error by refusing to dismiss the complaint as sought by the defendant. Admittedly, the meritorious controversy between the parties presented only the simple factual issue as to the defendant's residence and did not involve any questions of administrative policy, discretion or judgment. On the record this factual issue was not contested by the defendant; instead, and apparently *193 without indicating that there may be bona fide dispute thereon, he chose to rely entirely on the obtainment of deferment of judicial determination until after administrative appeals were taken and completed. Admittedly, the matter was of importance to the community and expeditious determination was directly in the public interest. While we firmly believe that the policy of judicial self-limitation embodied in the doctrine of exhaustion of administrative remedies is a wholesome one and should generally receive sympathetic recognition, we are unable to find that the lower court's departure, under the particular circumstances presented to it, was in excess of its authority under Rule 3:81-14. Cf. Davis, "Administrative Law Doctrines of Exhaustion of Remedies, Ripeness for Review, and Primary Jurisdiction," 28 Tex. L. Rev. 168, 183 (1949).
The second and final point raised by the appellant in his brief and at the argument on the appeal is that the complaint "is barred by the Statute of Limitations applicable thereto." See R.S. 2:80-7. This point is now being raised for the first time and was not in any sense presented below. The appellant acknowledges the general rule that the defense of limitations is waived unless affirmatively raised in due time. He contends, however, that it is inapplicable in the instant matter since the complaint disclosed that it was filed beyond the prescribed period of limitations. That fact, however, did not excuse the defendant from raising the defense of limitations in the Law Division, perhaps, in his notice of motion to dismiss (Feil v. Senisi, 7 N.J. Super. 517, 518 (Law Div. 1950)), or in any event at the argument in lieu of trial before Judge Colie. It seems to us that appropriate regard for orderly judicial process dictated that the Law Division be given fair opportunity to pass on the point and that it be not withheld until appeal. Since no jurisdictional deficiency in connection therewith has been argued by the appellant we see no reason for considering the limitations defense or the plaintiff's contentions in response thereto. See State v. Jones, 4 N.J. 207, 214 (1950), rehearing denied 4 N.J. 374 (1950).
*194 It may be noted that since the above was written the Supreme Court has declared unconstitutional the particular statutory limitation which the defendant has sought to assert before us as a defense. Fischer v. Township of Bedminster, 5 N.J. 534 (1950).
The judgment is affirmed.