71 N.J. Super. 244 (1962)
176 A.2d 802
MARTIN J. KAVENY, PLAINTIFF-APPELLANT,
v.
BOARD OF COMMISSIONERS OF THE TOWN OF MONTCLAIR, ET ALS., DEFENDANTS-RESPONDENTS.
Superior Court of New Jersey, Appellate Division.
Argued December 11, 1961.
Decided January 4, 1962.
*245 Mr. Francis F. Welsh argued the cause for appellant.
Mr. Samuel Allcorn, Jr., argued the cause for municipal respondents.
Mr. Charles R.L. Hemmersley argued the cause for respondent Board of Education of the Town of Montclair.
Mr. Alfred Abbotts, Deputy Attorney General, argued the cause for respondent New Jersey State Board of Education (Mr. David D. Furman, Attorney General, attorney; Mr. Abbotts, of counsel).
Before Judges CONFORD, FREUND and LABRECQUE.
The opinion of the court was delivered by FREUND, J.A.D.
Plaintiff appeals from a final judgment of the Superior Court, Law Division, dismissing his action in lieu of prerogative writs. The complaint sought to compel the Town of Montclair and its building and plumbing inspectors to inspect certain additions and alterations being made to the Montclair High School to ascertain whether the work was being performed in accordance with the terms of the Montclair Building Code, of which the Plumbing Code is a part. All the pertinent underlying facts, including the applicable statutes and ordinance, are fully set forth in the opinion of Judge Waugh. Kaveny v. Bd. of Com'rs of Montclair, 69 N.J. Super. 94 (Law Div. 1961). The parties agree that the disposition of the question presented involves only a question of law.
In accordance with the authority contained in N.J.S.A. 26:3-33 and R.S. 40:48-1, the Town of Montclair *246 adopted a Building Code, including a Plumbing Code, which was made expressly applicable to municipal, county and state buildings, except where "otherwise specifically provided by law." The parties agree that the issue to be decided is whether or not the construction of and alterations to public school buildings are subject to compliance with the building code of the municipality where such school buildings are located.
The determination of this issue is primarily controlled by the terms of R.S. 18:11-8 and N.J.S.A. 18:11-11. R.S. 18:11-8 provides that no contract for the erection of any public school building shall be made until the plans and specifications are submitted to and approved by the State Board of Education. N.J.S.A. 18:11-11 expressly provides that no local board of education shall be required to secure municipal approval of its plans and specifications for the erection or alteration of any school building or be required to secure a building permit from the municipality.
Plaintiff argues that a board of education is relieved from filing plans and specifications and obtaining a building permit only because the Legislature has chosen to exempt it from the payment of a permit fee, but that otherwise the provisions of the local codes in regard to inspections must be complied with. We find no authority, nor has any been submitted to us, to support this contention. On the contrary, we agree with the trial judge that the Legislature has placed control of the construction of public schools under the combined authority of state and local boards of education, implicitly excluding any interference therewith by the municipality wherein the school is located. Local boards of education are free from the control of the municipal governing body except to the extent the education law otherwise provides. Botkin v. Westwood, 52 N.J. Super. 416, 425 (App. Div.), appeal dismissed, 28 N.J. 218 (1958). The provisions of the education law do not contain any express or implied requirement *247 that a school building conform to the particular standards of a local building or plumbing code.
There are persuasive reasons of public policy underlying this conclusion. There are presently 570 municipalities and 558 school districts in New Jersey. The interests of these many local communities and their school children are most effectively and efficiently served, in health and safety, if the local school building conforms with the high, uniform standards prepared by the agency which is best equipped to advise on matters of school construction.
The Commissioner of Education is authorized to prepare and distribute standard plans and specifications for the construction of public school buildings. R.S. 18:11-6. Accordingly, the State Board of Education has prepared a booklet entitled, Schoolhouse Planning and Construction: A Guide, which was received in evidence. It contains the mandatory minimum specifications for the construction of school buildings and other constructional features which, although not mandatory, are considered highly advisable and are strongly recommended by the State Board. This booklet is lengthy, detailed, and far more comprehensive on the specialized needs of a school building than any local generalized building code. It provides standards for the selection of an adequate site, space requirements within schools, lighting, ventilation, heating, sanitation, building safety and other miscellaneous matters. The booklet, periodically revised, obviously is the product of long years of experience and considerable expert knowledge of the requirements of a school structure from every standpoint including educational, recreational, physical, and sanitary facilities. To permit Montclair or any other municipal government to graft its own building code onto the legislative requirements would be to introduce a potential element of discord and confusion into an area where the public interest is today so strong and where national goals are so intimately involved.
*248 The Legislature has created certain autonomous bodies with power and authority to perform a particular governmental function where it would be impractical for a municipality to exercise the same power and authority. In N.J. Inter. Bridge & Tun. Com. v. Jersey City, 93 N.J. Eq. 550 (Ch. 1922), it was held that the State, in creating a bridge and tunnel commission, clothed it with power without any limitations as to municipal control. As a result, one of its construction contractors was not required to comply with the Jersey City building code and obtain a building permit.
In Bloomfield v. N.J. Highway Authority, 18 N.J. 237, 244 (1955), it was held that there is no doubt whatsoever as to the power of the Legislature to immunize public authorities from the provisions of the local zoning and building code. Consequently, the New Jersey Highway Authority was not subject to local zoning and building requirements when it chose to erect a service station on its highway property but within the territorial limits of Bloomfield. Indeed, in Aviation Service v. Bd. of Adjustment of Hanover Tp., 20 N.J. 275, 282-283 (1956), it was held that an airport owned and operated by a neighboring municipality was virtually immune from the local zoning ordinance. Cf. Hill v. Borough of Collingswood, 9 N.J. 369 (1952).
At the oral argument plaintiff submitted to the court a photostatic copy of a letter from the State Commissioners of Health and Education addressed to local boards of health and boards of education. The letter had not been received in evidence, was not supported by an affidavit, and had not been the subject of cross-examination. It primarily relates to matters of sanitation and food handling in school facilities actually functioning, rather than to specifications for construction of buildings. Furthermore, the letter has no relevancy to the issue on appeal and therefore it will not be considered in our determination.
Affirmed.