72 N.J. Super. 425 (1962)
179 A.2d 45
TRINITY EVANGELICAL LUTHERAN CHURCH, A RELIGIOUS CORPORATION OF THE STATE OF NEW JERSEY, PLAINTIFF-RESPONDENT,
v.
BOARD OF ADJUSTMENT OF THE BOROUGH OF MORRIS PLAINS IN THE COUNTY OF MORRIS AND CLAUD S. TERRERI, BUILDING INSPECTOR, AND THE BOROUGH OF MORRIS PLAINS IN THE COUNTY OF MORRIS A MUNICIPAL CORPORATION, DEFENDANTS-APPELLANTS.
Superior Court of New Jersey, Appellate Division.
Argued November 13, 1961.
Decided February 19, 1962.
*426 Before Judges CONFORD, FREUND and LABRECQUE.
Mr. John A. Wyckoff argued the cause for appellants (Messrs. James and Wyckoff, attorneys; Mr. Wyckoff, of counsel and on the brief).
Mr. Clifford W. Starrett argued the cause for respondent (Messrs. Schenck, Smith & King, attorneys; Mr. Starrett, of counsel and on the brief).
The opinion of the court was delivered by CONFORD, S.J.A.D.
The issues presented in this case have become considerably narrowed since the date of argument as a result of the enactment in the interim of L. 1961, c. 138, N.J.S.A. 40:55-33.1, approved January 10, 1962, which reads as follows:
"No planning or zoning ordinance heretofore or hereafter enacted by any municipality governing the use of land by, or for, schools shall, by any of its terms or provisions or by any rule or regulation adopted in accordance therewith, discriminate between public and private day schools, not operated for profit, of elementary or high school grade."
*427 The parties have by request of the court filed supplemental memoranda relative to the effect of this statute on the issues posed.
Plaintiff brought an action in the Law Division to review the refusal of the defendant board of adjustment to grant approval of a request for a special exception under the local zoning ordinance for the construction of an elementary Christian day school as an addition to its existing church building. The court held the denial of the application to be arbitrary and unreasonable and ordered a building permit to be issued to the applicant.
We find much of the factual background unnecessary of recitation in view of the effect of L. 1961, c. 138, as we construe it.
The plaintiff church was founded in Morristown in 1918 but moved its location in 1951 to Mountain Way in Morris Plains, where it erected a church structure on vacant land in what was a "Residence B" zone district under the zoning ordinance then existing. The ordinance permitted churches and schools as authorized uses in such a district. An adjoining tract of land was purchased in 1955. In October 1958 the plaintiff's congregation formally resolved to establish a Christian day school at the church premises, such an endeavor being in accordance with the religious tenets of the organization. However, on December 18, 1958 the zoning ordinance of the borough was amended so as to place plaintiff's land in an "R-2" district, primarily restricted to single-family residences, but permitting "all public buildings and public or institutional uses," subject to the "special exception" procedure fixed by section 404 of the ordinance. This requires an application to the board of adjustment "which after a hearing may authorize the issuance of such permit, if in the Board's judgment it will not be detrimental to the health, safety and general welfare of the community and is reasonably necessary for the convenience of the community." "Institutional uses" are defined in the ordinance *428 to include "churches, schools teaching academic subjects, hospitals and other similar quasi-public non-profit uses."
On October 29, 1959 plaintiff filed an application with the board of adjustment for a special exception under the ordinance to permit the construction and use of an addition to the existing church building to be used as a Christian day school consisting of two classrooms, a general office, a small private office, and two utility rooms. It was expected that the school would begin with four grades, two in each classroom, with a maximum of 15 children in each grade. Ultimately the school would be enlarged so as to accommodate eight full grades. However, the construction now applied for would encompass only 3400 square feet. Eventually the school would grow to a total of 5800 square feet. Adequate parking space is available on the six-acre tract owned by the church for church and school purposes.
At the hearing before the board of adjustment it was shown that the church-school building would be situated from between 205 to 380 feet from the nearest residences on neighboring streets. All recommendations by the planning board of the borough for parking, screening, etc., were incorporated in the plans accompanying the application. A report submitted by an engineer who was recommended to plaintiff by the local board of health indicated adequate sewage facilities. Mountain Way has considerable traffic, but there is a new public school on the thoroughfare a half-mile distant from the locus in quo.
Morris Plains has a population of 5,000. There is no other Lutheran day school in Morris County, or nearer than Westfield (in Union County). It is contemplated that one-third of the original enrollment of the school would come from families in Morris Plains, the remainder from outside the borough. The school program would encompass state-approved elementary schooling along with religious education according to the Lutheran faith.
Strong opposition to the proposed school was voiced at the hearing by many nearby residents. The objections advanced *429 were based principally upon feared depreciation of property values, noise and trespassing by school children, and added street traffic.
The board of adjustment denied the application. Its findings included: (1) a "probability" of drainage and sewage problems; (2) increase of traffic; (3) alteration of the character of the residential area; (4) few residents of Morris Plains would benefit from the school; (5) depreciation of surrounding property values. The board further found the applicant had failed to show there would be no detriment to the health, safety and general welfare, or that the use was reasonably necessary for the convenience of the community, these being, as noted above, the criteria for a special exception under the ordinance. In apparent relation to the statutory criteria for exceptions and variances stated in the omnibus clause of N.J.S.A. 40:55-39, the board determined that the application could not be granted "without substantial detriment to the public good and without substantially impairing the intent and purpose of the Zone Plan and Zoning Ordinance" of the borough for the reasons that: (1) it would not conserve the value of property; (2) it would not promote the health and general welfare of the community; (3) it would increase congestion in the streets; and (4) it is not reasonably necessary for the convenience of the community.
Our review of the record does not indicate any substantial basis in the evidence for any fear of sewage or drainage problems. The proofs are to the contrary. As to the other specific adverse fact findings made by the board, there is in our judgment no reasonable basis for a conclusion that in respect of probable traffic increase, depreciation of residential values, or any other asserted deleterious effects on neighboring property uses or upon the general welfare, the establishment of this small school on the church property would do greater harm than would ensue from the average public school that might be erected upon the property. In fact, because of the smallness of the school, such *430 effects would probably be considerably less. Any school use is apt to be objectionable to some neighbors, to produce some attendant traffic, and to have an effect on immediately adjacent residential values. Nevertheless, it is well established in this State that the use of property for general school purposes, specifically for parochial schools which provide an accepted equivalent for public schooling, is presumptively in furtherance of the general welfare. Andrews v. Ocean Twp. Board of Adjustment, 30 N.J. 245, 251 (1959). Moreover, the fact that the school will serve children of other communities besides that wherein it is situated constitutes no infirmity in a zoning sense. Ibid.
It has been said that the trend of the decisions is that educational uses (at least on the grade and high school level) "have a proper place in the residential districts of the community and have such a strong tendency to promote the general welfare that they cannot be excluded under zoning ordinances whose sole justification for exclusion is that such exclusion will promote the public safety, health, morals and general welfare." 1 Rathkopf, Law of Zoning and Planning (3d ed. 1960), p. 18-1. However, the manner of such use is subject to regulation. Ibid. Cf. Yanow v. Seven Oaks Park, Inc., 11 N.J. 341, 359, 36 A.L.R.2d 639 (1953).
We do not regard it as necessary in this case to discuss at length the criterion established in the subject ordinance for special exceptions that the use applied for shall be "reasonably necessary for the convenience of the community." See Schmidt v. Board of Adjustment of City of Newark, 9 N.J. 405 (1952); Tullo v. Millburn Tp., 54 N.J. Super. 483 (App. Div. 1959). Assuming the phrase is read literally to mean that it must be shown the community has a reasonable need for such a school (but see the Tullo case, supra, 54 N.J. Super., at p. 495), it is fair to say that any community has a strongly presumptive need for elementary schools, whether public or parochial. In this regard, our Supreme Court in Yanow v. Seven Oaks Park, Inc., supra (11 N.J., at p. 348, 36 A.L.R.2d 639), *431 significantly construed the intent of the provision of a zoning ordinance permitting "public and parochial schools" in residential districts to be "to permit such schools as are required for the good of the residential area, namely those established for the general education of the children of the neighborhood in the subjects and classes necessary to compliance with the state compulsory education laws * * *."
Even apart from the effect of L. 1961, c. 138, quoted above, we should strongly incline to the conclusion that in view of the favored place of elementary schools in zoning theory and practice it would be arbitrary, on this record, as held by the trial judge, to find either that the proposed use would be detrimental to the health, safety and general welfare or not reasonably necessary for the convenience of the community. But the new statute leaves that result beyond debate. As indicated, it proscribes "discrimination" between public and private day schools in respect of zoning. Previously the validity of different treatment in respect of the two classes of schools was unsettled in this state. Saddle River Country Day School v. Borough of Saddle River, 51 N.J. Super. 589, 605 (App. Div. 1958), affirmed o.b. 29 N.J. 468 (1959); Andrews v. Ocean Twp. Board of Adjustment, supra (30 N.J., at p. 252). Certainly a board of education could not have been denied leave to establish a public school at this location on either the theory that it was detrimental to the public health, safety and general welfare, or not reasonably necessary for the convenience of the community. There is, indeed, some question as to whether there is any permissible local governmental control or supervision of public school construction in view of N.J.S.A. 18:11-11 which provides that no local board of education is required to secure municipal approval of its plans and specifications for the erection or alteration of any school building or to secure a building permit from the municipality. See Kaveny v. Montclair Bd. of Com'rs, 71 N.J. Super. 244 (App. Div. 1962). See also 1 Rathkopf, ubi cit., supra. But even assuming that land use *432 for schools, as distinguished from building plans and specifications, remains subject to local zoning in the reasonable exercise of the police power, such land use regulations under the 1961 act may not impinge more onerously on private day schools than on public schools. As we have concluded that the special exception criteria of this ordinance could not reasonably be applied to exclude a public school at this location and under the facts here shown, we must also hold, under the statute, that denial of the use cannot be justified on such criteria in relation to an application by this private day school.
Judgment affirmed; no costs.