99 N.J. Super. 18 (1968)
238 A.2d 480
KENNETH R. FISHER, PLAINTIFF-APPELLANT,
v.
BOARD OF EDUCATION, UNION TOWNSHIP, UNION COUNTY, NEW JERSEY (CORRECTED TO BOARD OF EDUCATION OF THE TOWNSHIP OF UNION, NEW JERSEY), DEFENDANT-RESPONDENT, AND MECHANICAL CONTRACTORS ASSOCIATION OF NEW JERSEY, INC., ETC., DEFENDANT-INTERVENOR-RESPONDENT.
Superior Court of New Jersey, Appellate Division.
Argued January 8, 1968.
Decided January 23, 1968.
*20 Before Judges GAULKIN, LEWIS and KOLOVSKY.
Mr. Adrian M. Foley, Jr. for appellant (Messrs. Pindar, McElroy, Connell & Foley, attorneys; Mr. Joseph C. Glavin, Jr., of counsel; Mr. Kenneth F. Kunzman, on the brief).
Mr. Howard Schwartz for defendant-respondent (Mr. Harrison B. Johnson, attorney).
Mr. Kenneth L. Estabrook for defendant intervenor-respondent (Messrs. Lindabury, McCormick & Estabrook, attorneys).
PER CURIAM.
The dispute in this case, in which plaintiff appeals from a judgment for defendants, involves an interpretation of N.J.S.A. 18:11-10, a section of the school laws. N.J.S.A. 18:11-10 requires separate bids and contracts for various types of work involved in the erection, construction, alteration or repair of public school buildings.
The facts are set forth in the trial court's opinion and need not be repeated here. The trial court found that:
"plaintiff has not sustained the burden of proving that the furnishing and installation of the subject equipment constitutes `Electrical Work'";
and that
"as between the electrical work category and the steam and hot water heating and ventilating category, it appears that the supply and installation of the [prepackaged heating and ventilating] units may be properly allocated to the latter category. Certainly such allocation does not constitute an abuse of discretion by the board in its bona fide effort to comply with the requirements of N.J.S.A. 18:11-10." (94 N.J. Super. 359, at p. 372 (Ch. Div. 1967)).
*21 The trial court's factual findings could reasonably have been reached on sufficient credible evidence present in the record, considering the proofs as a whole. We therefore affirm. State v. Johnson, 42 N.J. 146, 162 (1964).
Neither in the trial court nor in this court have any of the parties questioned the propriety of plaintiff's resort to the courts without first exhausting the administrative remedies provided by the school law. Cf. R.R. 4:88-14; Waldor v. Untermann, 10 N.J. Super. 188, 190 (App. Div. 1950). Such failure is therefore not a bar to the affirmance of the judgment appealed from; the "exhaustion of remedies" rule is not jurisdictional. Waldor, supra, at p. 191.
However, we are of the opinion that this case is one in which the administrative remedies  an appeal to the State Commissioner of Education (Commissioner), who is authorized to decide "all controversies and disputes arising under the school laws," R.S. 18:3-14, and an appeal from his decision to the State Board of Education, N.J.S.A. 18:3-15  should first have been invoked.
"[T]he Legislature has placed control of the construction of public schools under the combined authority of state and local boards of education * * *." Kaveny v. Montclair Bd. of Com'rs., 71 N.J. Super. 244, 246 (App. Div. 1962), certification denied 36 N.J. 597 (1962). The Commissioner is authorized to have prepared and to distribute standard plans and specifications for the construction of public school buildings; R.S. 18:11-6. Plans and specifications for the proposed construction of a public school building or any part thereof, and any changes in such plans and specifications, must be submitted to and approved by the State Board; R.S. 18:11-8. A copy of contracts for the construction of school buildings must be filed with the State Board; R.S. 18:11-9. Finally, by N.J.S.A. 18:11-9.1 et seq., the Legislature has vested in the State Board the obligation and duty of classifying prospective bidders on school jobs with respect "to the character and amount of public work on which they shall be qualified to submit bids." Local boards of education are *22 authorized to accept bids only from persons qualified in accordance with such classification.
Since the Commissioner and the State Board play so significant a role in relation to specifications and contracts for school construction, it is particularly appropriate that a controversy of the nature involved in this case be decided in the first instance by appeal to the Commissioner and the State Board under the school law.
The judgment is affirmed.